# Hatz's Appeal.

*Mortgage in Trust for Married Woman's Separate Estate, not extinguished by Conveyance to her of the Property mortgaged without Consent of her Trustee; nor by a Transfer as Collateral Security for Precedent Debt of Husband without her Consent.*

A. being largely indebted to his wife for moneys received out of her separate estate, gave a mortgage on his own real estate for the balance then due, to a trustee in trust for her. Three days after, he gave a judgment to his partner B. to secure him. Afterwards A. and wife conveyed the mortgaged premises for a certain sum, subject to the mortgage in express terms to C., who soon after reconveyed to the wife on the same terms. The wife then joined with her husband in a mortgage to H., to secure him for money loaned to the husband. At the same time H. procured an assignment of the wife's mortgage from her trustee as collateral, and also a release from B. of the priority of his lien. The real estate was then sold under the trustee's mortgage, and the proceeds were ruled into court and claimed by the wife, on the ground that the mortgage in trust for her still subsisted. *Held*,

1. That the conveyance of the mortgaged premises to the wife did not extinguish the mortgage held in trust for her, because her trustee was not a party to it, the intent to keep the mortgage alive appeared upon the face of the conveyance, it was for her interest in order to prevent subsequent liens from coming in before her, and because all parties acted upon the idea, and treated the mortgage as if it was subsisting.

2. That the mortgage to H. executed by A. and wife was of their estate, subject to the trust mortgage in her favour, and that the assignment by the trustee to H., as collateral security for a precedent debt of the husband's, without the assent of the *cestui que trust*, did not pass any interest in that mortgage to the assignee.

3. That though the wife, one of the mortgagors, was in equity the owner of the first mortgage, the subsequent mortgage by herself and husband to H., after she became the owner of the land, would not postpone in his favour the lien of the trustee's mortgage, nor estop her from claiming the money in satisfaction of that lien; else more force would be given to her acts by indirection than the law would give, if done directly to that end, for without the assent and co-operation of the trustee, she could not transfer nor release it; nor if there were no trustee, could she do this, without the joinder of her husband.

4. Though equity will sometimes give effect to acts not in themselves binding

4 WR.—14

obligations at law, yet it does so only to reach those who ought to be made responsible, or who are liable in person or estate to pay a debt. It will not give relief to a creditor out of the separate estate of the wife, where the debt was not hers, but that of the husband; and where her estate only, subject to the lien of the mortgage held by her trustee, was pledged, the pledgee cannot require her to make good his mortgage out of the proceeds of the sale of the property, belonging to her trustee under the mortgage in her favour.

5. Where the wife was not the debtor, nor personally bound as surety in the mortgage executed by herself and husband to his creditor, her interest in the trust mortgage could not be postponed to his claim against them on the second mortgage; and since she had not parted in law or equity with the mortgage held in trust for her, it was entitled as the first mortgage to be paid in preference to any subsequent liens.

APPEAL from the Common Pleas of *Lancaster county*.

This was an appeal by the executors of John Hatz, deceased, from the decree of the court below distributing the proceeds of the sheriff's sale of the real estate of John F. Shroeder. The material facts of this case, and the argument of the counsel concerned in the cause, are sufficiently set forth in the opinion of this court.

The case was argued in this court by *Thaddeus Stevens* and *A. Herr Smith* for appellant, and by *Thos. E. Franklin* for Mrs. Shroeder (the wife and mortgage-creditor of the defendant in the execution).

The opinion of the court was delivered, November 28th 1861, by

THOMPSON, J.—The matter for our adjudication arises out of the distribution of the proceeds of a sheriff's sale, upon a mortgage, of certain real estate in the city of Lancaster, by Shroeder and wife to John Hatz.

In order to a proper understanding of the controversy, it may be necessary to state, that subsequently to November 1851, John F. Shroeder received, on loan, a large sum of money, the patrimonial estate coming to his wife; that in April 1856, being thus indebted to her, he made two notes payable to her on demand, with interest, aggregating the sum of $17,500; that, on the 20th of November of that year, this indebtedness having been reduced to $11,000, he gave a mortgage, to secure the same, on the real estate in question, to G. E. W. Sherretts, in trust for his wife. He was insolvent at the time, and it was admitted that he knew himself to be so. The debt was found, however, by the auditor, to be *bonâ fide*, and the transaction free from fraud. Three days after the execution of the mortgage, Shroeder confessed a cautionary judgment to G. K. Reed, of Lancaster, to indemnify him against liabilities as a partner. After this, on the 7th of January 1857, Shroeder and wife con-

veyed the mortgaged premises to A. N. Russell, for the considera-
tion-money of $500, subject to the mortgage in express terms;
and on the 31st March following, Russell reconveyed to Mrs.
Shroeder, for the same consideration, and on the same terms as
to the mortgage.    Mrs. Shroeder being thus invested with title,
she joined with her husband in a mortgage of the property to
Hatz, on the 28th April 1857, to secure the payment of $4500,
loaned by Hatz to him.    Simultaneously therewith, Hatz pro-
cured an assignment from Sherretts of Mrs. Shroeder's mortgage,
as collateral to his, and a release from Reed of the priority of
his lien.    The auditor and the court below were of opinion that
the mortgage to Sherretts, in trust for Mrs. Shroeder, still sub-
sisted, and was in full force, notwithstanding their transactions,
and entitled to the money in court, in preference to the Hatz
mortgage, and, so determining, this appeal was taken.    .

It was not very strenuously contended, although the position
was taken, that the conveyance of the mortgaged property to
Mrs. Shroeder, extinguished the mortgage held in trust for her.
Under the facts in evidence, this position could not have been
maintained.    Her trustee took no part in the matter, and she
was but a passive agent in it.    The trust, therefore, was of itself
sufficient to defeat the implication of extinguishment.    But the
intent to keep the mortgage on foot, expressly appears on the
face of the conveyance, and, where all is fair, this intent will be
sustained.    Again, it was manifestly the interest of Mrs. Shroeder,
that it should be so kept on foot, otherwise both Reed's and
Hatz's liens would come in before her and sweep away her secu-
rity.    The rule in equity is, that where it is manifestly the
interest of the owner of the encumbrance, that it should not be
sunk in the inheritance, it will' be kept alive: 9 Barr 332; 1
W. & S. 485; 8 Watts 457.    All parties here, Hatz included,
acted upon the idea, and treated the mortgage as subsisting and
in full force.

Shroeder and wife, under these circumstances, conveyed to
Hatz in mortgage what is sometimes called the equity of redemp-
tion, but more accurately speaking, the estate, encumbered with
a prior mortgage.    This Hatz knew, for he sought and procured
an assignment of that mortgage as collateral security to his, on
the day his mortgage bears date, and now claims also by that
assignment.    He was not, therefore, deceived in the extent of
the pledge given to secure the indebtedness of Shroeder.    Nor
can he claim anything in consequence of that assignment: for
the trust character appeared on the face of the mortgage.    The
trustee could not pledge his trust securities as collateral to a
precedent debt, and no assent of the *cestui que trust* was attempted
to be shown.    Hatz was bound to know the law, and that Sher-
retts's assignment was good for nothing if disputed by his *cestui*

*que trust.* Nor is there any hardship in this, for he parted with nothing to obtain the assignment. So that on neither the ground of the extinguishment of the mortgage nor its assignment, can the appellants successfully stand.

But it was further insisted by the appellants, that as Mrs. Shroeder, one of the mortgagors, was in equity the owner of the first mortgage, the subsequent mortgage of the same estate by her husband and her to Hatz, after she became the owner of it, had the effect to postpone her lien in his favour, and she is estopped from claiming the money in satisfaction of that lien.

To take this view would be to give a much greater force to Mrs. Shroeder's acts, by indirection, than the law would give to her acts done directly with a view to reach the same end. For instance, Sherretts was the legal owner of the mortgage, in trust for her, and without his assent and co-operation she could neither transfer nor release it. Nor could she, without the co-operation of her husband, execute a legal transfer, if the trustee had been out of the way. It would therefore seem unreasonable, that her acts unintended should have greater efficacy than if they had been expressly designed to have the effect, and so performed with that view.

But, conceding that equity will oftentimes give effect to acts not of themselves perfect or binding obligations at law, for the purpose of effectuating justice, it does so in such cases of defective obligations to reach those who ought to be made responsible; in other words, those who are liable in person or estate to pay a debt. Equity may lay hold of means to accomplish this when the law cannot. But here the debt was not that of the wife in any sense. There is not a word, excepting as it is stated in the appellant's paper-book, to the effect that it was a loan to the wife, and is denied in that of the appellees: nothing to show that the debt was not exclusively the husband's and received for his use, for which the property was pledged. In the absence of testimony to the contrary, as we have seen in the case here, the law presumes the debt to be the husband's. The debt was therefore his, and the wife's property, to the extent to which it was pledged, the security. Equity cannot release it from the demands of the law, to the extent of the pledge, but it does not regard her in the light of one personally bound, and required to make good the deficiency of the security out of the funds in court. Her lien was not pledged; her estate subject to it was: that has gone to satisfy a debt of her husband, and she is no farther bound either in law or equity.

The cases of Himes *v.* Barnitz, 8 Watts 39, and Erb's Appeal, 2 Penna. R. 296, do not rule this case. The principles therein announced are undoubtedly correct when they are properly applicable. One having a prior lien, and who at the same time

[Hatz's Appeal.]

is a joint debtor or surety in a judgment in favour of the party which he holds the lien against, is not allowed to take out the money made on a sale of the property bound as against his judgment-creditor, and in default of the money reaching the creditor's lien, drive him to an action to recover the money back again. The money being in court, equity applies it at once where justice requires it to go, and this avoids circuity of action. This is the principle of the cases cited, but they differ widely from the case in hand. Here, Mrs. Shroeder was not the debtor nor personally bound as surety, and the principle does not apply. She neither in law nor equity had parted with her first mortgage, nor her trustee for her, and therefore the mortgage held in trust for her is entitled to be first paid.

The decree of distribution of the Common Pleas is affirmed, at costs of the appellants.

LOWRIE, C. J., dissented, and filed an opinion.