## Dean *versus* Shelly and Wife.

..1. A vendor by direction of the vendee conveyed to the vendee's wife the land sold; part of the consideration was other land of the vendee, which the vendee and his wife conveyed to the vendor with general warranty: the title to the latter land failed; the vendor sued the vendee and his wife in foreign attachment in covenant and attached the land conveyed to the wife: *Held*, that he could not recover a judgment against the wife even in respect of the land.

2. The covenant of warranty was merely personal.

March 11th 1868. Before STRONG, READ, AGNEW and SHARS-WOOD, JJ. THOMPSON, C. J., at Nisi Prius.

Error to the Court of Common Pleas of *Susquehanna county*: No. 332, to January Term 1868.

This was a foreign attachment in covenant, issued November 3d 1865, by R. S. Dean against Enos Shelly and Amanda M. Shelly his wife.

The case was this :—

Dean owned a farm in Susquehanna county, and Shelly claimed to own lands in Mahaska county, Iowa.. On the 24th of July 1862 the plaintiff sold his farm to Enos Shelly for $1900, and in part payment took Shelly's land in Iowa. The land in Iowa was conveyed by Shelly and wife to the plaintiff by deed containing a covenant of general warranty. By direction of Shelly, the plaintiff conveyed his farm to the wife, who occupied it and went into possession. The title of Shelly to the Iowa land failed, and Dean brought this suit against the defendants, and attached the land which he had conveyed to Mrs. Shelly.

On these facts the court (Streeter, P. J.) charged:—

"This is an action brought upon a covenant of warranty, contained in a deed from Enos Shelly and Amanda Shelly to the plaintiff, dated 24th July 1862. The land conveyed belonged to Enos Shelly; but it was necessary that Amanda his wife should join in the deed, in order to bar her dower. She also joined in the covenant of warranty. Being a married woman she had no power to bind herself by such an agreement. Her joining in the covenant was surplusage, and it must be regarded as the covenant of the husband alone. That a married woman is not liable upon her covenant of warranty, even after the decease of her husband, is shown by the case of Chambers *v.* Spencer, 5 Watts 406. This general doctrine is conceded by the plaintiff's counsel; but it is insisted that the fact that the land which Shelly received, as part consideration for the conveyance to Dean, was conveyed to Amanda Shelly, takes this case out of the general rule. If the case disclosed an exchange of lands between both Mrs. Shelly and Dean, the argument of plaintiff's counsel would be entitled to more consideration. But that is not the case; Shelly owned the

[Dean v. Shelly.]

land conveyed to Dean, and the accidental circumstance that he had the land which was the consideration of the deed conveyed to his wife, cannot change the effect of her joining her husband in his covenant of warranty. We therefore instruct you that this action cannot be sustained, and your verdict must be for the defendants."

There was a verdict for the defendants.

The defendants took a writ of error, and assigned for error the charge of the court.

*B. S. Bentley*, for plaintiff in error, cited Black *v.* Galway, 12 Harris 18; Patterson *v.* Robinson, 1 Casey 82; Ramborger *v.* Ingraham, 2 Wright 147; Glass *v.* Warwick, 4 Id. 145. He also commented on Chambers *v.* Spencer, 5 Watts 406.

*R. B. Little*, for defendants in error, cited Chambers *v.* Spencer, 5 Watts 406.

The opinion of the court was delivered, March 19th 1868, by

SHARSWOOD, J:—Had the transaction between these parties been an exchange, there would have been a warranty in law incident to it; a condition to give the party a re-entry and a warranty to enable him to vouch and recover over in value: Sheppard's Touchstone 290. The plaintiff could have maintained ejectment not only against Shelly, but any one claiming from him; for although an assignee cannot re-enter nor vouch, but only use the warranty to rebut, yet the exchangee may re-enter upon an alienee: Noy's Maxims 61. But exchanges have fallen into disuse in modern conveyancing. To make an assurance of that character, it is indispensable that the word *excambium*—exchange—should be employed, which, as Lord Coke says, is so individually requisite as that it cannot be supplied by any other word or described by any circumlocution: Co. Litt. 51, b. The transaction between these parties was a mutual bargain and sale. The plaintiff took only the personal covenant of warranty of the defendants, who were husband and wife. This is an action of covenant on that warranty, and nothing is clearer than that it cannot be maintained against the wife: Chambers *v.* Spencer, 5 Watts 406. It has not been contended by the able counsel of the plaintiff in error that he is entitled to a judgment which will personally bind her. He asks for a special judgment, which shall restrict its execution to the property which was conveyed by him to the wife as the consideration for the land, the title to which he avers to have failed. He has urged that this case is within the reason of Patterson *v.* Robinson, 1 Casey 82. There it was held that a bond and warrant of attorney executed by a married woman to secure the purchase-money of a tract of land conveyed to her could be enforced

[Dean *v.* Shelly.]

by a special judgment and execution against the land so conveyed. But there is a broad distinction between that case and this. The bond and warrant of attorney were given and accepted as a security for the purchase-money. The judgment was intended to be a lien. A mortgage by the wife duly acknowledged would have undoubtedly been effectual. This court held that under the Act of 1848 the power of the wife to purchase " gives her a right to contract for the payment of the consideration-money, so far as to charge the property with such encumbrances as may be agreed upon to secure its payment." There was nothing of the kind here. The conveyance to Mrs. Shelly by her husband's direction, as the consideration had passed from him, was in effect a settlement by him upon her, open to be attacked by his creditors upon the grounds upon which such settlements may always be impeached. The covenant of warranty was not given to secure the consideration. It was not and could not have been intended to be a lien. It is a bald case of the personal obligation of a married woman, which we are asked to enforce against her property. If Shelly had taken the conveyance to himself, and then sold it, and with the proceeds settled another property on his wife, there would be no color to levy the execution upon that. That it is the same farm which the plaintiff conveyed in consideration of the western tract, is a mere accidental circumstance, which gives the case an appearance of hardship, like that which carried the court in Patterson *v.* Robinson. It may be very unjust, and perhaps unlawful, in Mrs. Shelly to hold it against the plaintiff, but that question ought to be heard in a case in which it can be fairly considered and decided under all its circumstances, not as is proposed here by a short cut, which would preclude her from any hearing.

Judgment affirmed.