# Klein *versus* Caldwell, Trustee.

1. The fact that a wife unites with her husband in a deed, whereby he conveys his land, does not operate as an extinguishment of a mortgage thereon held in trust for her. Hatz's Appeal, 4 Wright 209, followed.

2. A married woman cannot be estopped by the expression of her opinion as to the legal effect of a writing which she is about to execute, although the other party may have been misled and injured thereby.

3. While it is true, as a general rule, that the declarations of a person will operate as an estoppel against him in favor of a purchaser who has bought for value, after such declarations and upon the faith of them; yet many acts and declarations sufficient to estop one *sui juris* are insufficient to estop a *feme covert*.

June 19th 1879. Before Sharswood, C. J., Mercur, Gordon, Paxson, Trunkey and Sterrett, JJ. Woodward, J., absent.

Error to the Court of Common Pleas of *Franklin county*: Of May Term 1879, No. 217.

[Klein *v.* Caldwell.]

Scire facias sur mortgage, issued by David Caldwell, trustee of Ellen Barnhart, against Charles G. Klein.

John Barnhart, the husband of Ellen Barnhart, the equitable plaintiff in this case, was the owner of a tract of land in Franklin county. On the 1st of October 1863, Barnhart executed and delivered to David Caldwell, as trustee for his wife, a mortgage upon the property, to secure the sum of $7000. This mortgage was duly recorded, on the 3d of November in the same year.

In April 1868, David A. Harris purchased from Barnhart and wife fifty acres of this land, for the sum of $6250. Before concluding the bargain, Harris heard through some one of the existence of this mortgage, and he inquired of Barnhart concerning it. Barnhart told him there was such a mortgage, but it did not amount to anything, for the reason that it had never been recorded, and that even though it was recorded, it would be satisfied by his wife joining in the deed for the property. Harris, not satisfied with the statement of Barnhart, went to see the wife, in company with her husband. In the presence of Harris, Barnhart told his wife that Harris had heard of her mortgage and was afraid to buy the property on account of it, and that he had told him that it was not recorded. Mrs. Barnhart then said that it was not recorded, and Barnhart repeated what he had said to Harris about the effect of his wife joining in the deed, and Mrs. Barnhart said she had signed the deed. The business connected with the transfer of the property was to be done by an attorney living in Shippensburg, but since dead. He represented both parties in the transaction. Harris went to the attorney about the mortgage, told him what Barnhart and wife had said about the effect of the wife joining in the deed, and he expressed the same opinion. Thus assured, Harris paid the purchase-money, and accepted the deed without requiring the mortgage to be surrendered or satisfied. Harris did not discover that the mortgage was on record until 1873, when Mrs. Barnhart for the first time made a demand for it. He had previously, in June 1870, sold and conveyed the property to Charles G. Klein, the defendant, by deed of general warranty.

In 1876, the remainder of Barnhart's land, which was subject to other encumbrance prior in lien to the wife's mortgage, was sold by the sheriff. Of the purchase-money, $449.66 remained after paying the prior lien, and was appropriated to the mortgage of the wife. In April 1877, Mrs. Barnhart, through Caldwell, the trustee in the mortgage, sued out this scire facias on the same, and sought to enforce its payment out of the land conveyed to Harris, in 1868.

At the trial, before Rowe, P. J., the defendant submitted the following points:

1. That if the jury believe from the evidence that Harris, upon paying the purchase-money to Barnhart, inquired of the plaintiff

whether she had a mortgage upon the property, and was told by her that she had a mortgage, but that it was not recorded; and that her husband then said in her presence that even though such mortgage was recorded, the plaintiff by joining with her husband in the deed of conveyance, satisfied the mortgage, and that the plaintiff assented thereto ; and that Harris, relying upon these statements of husband and wife, was induced thereby to pay the purchase-money and accept the deed, the plaintiff is estopped from now setting up said mortgage to the prejudice of said Harris or his grantee.

2. That if the plaintiff understood and intended, at the execution of the deed to Harris, that her mortgage would by operation of said deed be extinguished as an encumbrance upon the land conveyed to Harris, and so stated to Harris before payment of purchase-money and before the acceptance of the deed by him, and such was the understanding of the parties to the deed at the time, then the mortgage was extinguished by the cancelling of the deed to this extent, and there can be no recovery as against the grantee of Harris thereon.

The court refused these points and directed a verdict for the plaintiff, which was assigned for error.

*L. S. Clarke* and *Kennedy & Stewart*, for plaintiffs in error.— The coverture of Mrs. Barnhart in no way prevents an estoppel; we recognise the cases of Glidden *v.* Strupler, 2 P. F. Smith 400, Pettit *v.* Fretz, 9 Casey 118, and others to the same purpose. They very clearly assert the doctrine that an estoppel may not be set up against a married woman, where the effect would be to give validity to a sale of real estate not made by her in the only way appointed by the statute. Nor are we in conflict with the authority of Haffey *v.* Carey, 23 P. F. Smith 433; Moore *v.* Cornell, 18 Id. 323 ; Burd *v.* Bunting, 28 Id. 219, that the assignment of the wife's mortgage, without the husband joining in the assignment, or without the acknowledgment required by the Act of 1848, is invalid.

But the estoppel we contend for would not establish by indirection anything forbidden. We are not seeking to give validity to a conveyance of land or an assignment of the mortgage, and no such effect would follow the estoppel. What we would accomplish through the estoppel, would be the satisfaction of the mortgage; either this, or a gift of it to her husband, in whose hands the law would hold it to be satisfied. The distinction we think clear and unquestionable. Our purpose is to prevent the plaintiff from now asserting the existence of a fact, which she previously asserted did not exist, and thereby induced us to do what we otherwise would not have done.

We do not understand that married women are entirely beyond the operation of an estoppel. We fully concede that the favor

[Klein v. Caldwell.]

which the law shows them, prevents them from binding themselves indirectly by an estoppel arising from their acts or words, in matters where they have no capacity to contract. In such cases they are unquestionably safe. But where, as in this case, the contract was fully within their power, they can be concluded as readily as others. That such is the law in Pennsylvania clearly appears from the cases of McCullough v. Wilson, 9 Harris 436; Fulton v. Moore, 1 Casey 478; Couch v. Sutton, 1 Grant 115.

*J. McD. Sharpe*, for defendant in error.—If this were a case of attempted estoppel between parties *sui juris*, it would lack the essential elements. But we are dealing with the assertion of an estoppel against a feme covert. Without asserting that there is no such thing as an equitable estoppel by matter *in pais* against a married woman, we feel quite safe in saying, that there is none under the facts and circumstances of this case.

Had Mrs. Barnhart made a formal assignment of this mortgage to Harris it would have been invalid, unless her husband joined, and it was evidenced by a separate acknowledgment: Bond v. Bunting, 28 P. F. Smith 210; Stoops v. Blackford, 3 Casey 213; Moore v. Cornell, 18 P. F. Smith 320; Haffey v. Carey, 23 Id. 431.

A married woman has no capacity to contract for the sale of her land or to convey it, except in the precise statutory mode: Glidden v. Strupler, *supra*. That case has been followed in Dunham v. Wright, 3 P. F. Smith 167; Kirk v. Clark, 9 Id. 479; Colburn v. Kelly, 11 Id. 314; Graham v. Long, 15 Id. 383; Williams v. Baker, 21 Id. 476. And these cases hold that the receipt of the consideration by the feme covert does not validate the imperfect conveyance, or give legal force to her contract.

Mr. Justice MERCUR delivered the opinion of the court, October 9th 1879.

The deed, on its face, did not profess to discharge the lien of the mortgage. The fact that Mrs. Barnhart united with her husband in the deed whereby he conveyed his land did not operate as an extinguishment of the mortgage thereon, held in trust for her. Hartz's Appeal, 4 Wright 209.

The only other contention is whether the evidence was sufficient to constitute an equitable estoppel against a recovery on the mortgage? She was a married woman. The mortgage was on the lands of her husband and held by Caldwell in trust for her use. The trustee did not in any manner, participate in the transaction, from which the estoppel is claimed to have arisen. Having no knowledge of it, his rights were unaffected thereby. It is however urged by the plaintiff that as the legal title to the mortgage was held solely for the use and benefit of Mrs. Barnhart, her conduct was sufficient to estop her and thereby extinguish the lien of the

[Klein *v.* Caldwell.]

mortgage. It is true, as a general rule, the declarations of a person will operate as an estoppel against him, in favor of a purchaser, who has bought for value after such declarations and upon the faith of them; yet many acts and declarations sufficient to estop one *sui juris*, have been held insufficient to estop a *feme covert*. Hence in case of the conveyance by a wife of her real estate, although she may have expressed her satisfaction with the sale, and received the purchase-money, yet if she has not acknowledged the deed in the manner directed by Act of Assembly, she is not estopped from asserting her previous title. McClure *v.* Douthitt, 6 Barr 414; Thorndell *v.* Morrison, 1 Casey 326; Richards *v.* McClelland, 5 Id. 385; Keen *v.* Hartman, 12 Wright 497. So in Glidden *v.* Strupler, *supra*, where a married woman had contracted to sell her real estate, adjoining the lot on which she lived, received a part of the purchase-money, suffered the purchaser to erect a dwelling-house thereon, and even expressed a wish that no windows should be put in the side of the house next to hers, which wish was acted on and adopted by the purchaser, yet it was held all these facts did not estop the wife from recovering the land, she having omitted to duly acknowledge the contract.

In Keen *v.* Coleman 3 Wright 299, Mrs. Coleman, a married woman, falsely and fraudulently, and with intent to deceive, represented to Keen that she was a widow, whereby he was induced to sell and deliver to her certain promissory notes to the amount of $2300 against a solvent debtor, and to accept her bond and mortgage therefor; it was held that she was not thereby estopped from setting up her coverture to defeat a recovery on her bond.

Two declarations of Mrs. Barnhart are relied on as evidence of estoppel; one that the mortgage was not recorded; the other that she was satisfied to have the land covered by her mortgage, sold.

1. As in fact the mortgage was recorded, the plaintiff's vendor had constructive notice of it; but his own evidence shows he had actual notice of its existence. Having this full knowledge, he took the land covered by the mortgage, with like effect as if he had known it was recorded: Stroud *v.* Lockart, 4 Dallas 153; Jacques *v.* Weeks, 7 Watts 261; McLanahan *v.* Reeside, 9 Id. 508; Uhler *v.* Hutchinson, 11 Harris 110; Britton's Appeal, 9 Wright 172. As then the title which the plaintiff's vendor acquired was not prejudiced by her false statement that the mortgage was not recorded, the doctrine of an equitable estoppel cannot be set up against her by reason of such statement.

2. Suppose she did say that she was satisfied with the sale her husband had agreed to make, this is no more than she asserted in writing by uniting with her husband in the deed and acknowledging it according to law. Her verbal declarations to one about to purchase, in the presence of her husband, that she was satisfied with the sale, did not enlarge the legal effect of her deed. All the

[Klein v. Caldwell.]

parties to the deed appear to have been under the impression that by her uniting therein, the lien of the mortgage would be divested. The vendee however was unwilling to rely on this impression and before closing the purchase obtained the opinion of a lawyer. That opinion being in accord with his previous impression he accepted the deed.

A married woman cannot be estopped by an expression of her opinion as to the legal effect of a writing which she is about to execute, although the other party may have been misled and injured thereby. Her property would be very insecure, if it could be swept away by parol evidence of such declarations. She received no part of the purchase-money. She executed no writing which released or satisfied the mortgage. The whole evidence was manifestly insufficient to divest its lien. The learned judge was right in directing the jury to find a verdict for the amount of the claim.

Judgment affirmed.