# Joseph Wasserman, Assignee, *v.* Thomas J. Carroll.

*Married woman—Liability on her covenants in a deed.*

The disability of a wife conveying her separate estate to join in the covenants of the deed made by her husband no longer exists; since the acts of 1887 and 1893 she is now undoubtedly liable on her covenants in such a deed.

*Husband and wife—Conveyance of separate estates by one deed.*

A husband owned the fee in which his wife held, in her own right, a ground rent; this man and wife each thus having an interest in the subject of the grant by apt and unambiguous words conveyed the same. *Held*, that the rent not being reserved in the deed was clearly granted without exception, limitation or qualification to their vendee.

Argued Oct. 7, 1896. Appeal, No. 33, Nov. T., 1896, by Mary J. Carroll, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1894, No. 254, in favor of plaintiff. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, OLRADY and SMITH, JJ. Affirmed.

Sci. fa. sur mortgage. In the matter of the distribution of funds arising from sheriff's sale.

This was an action originally begun in the court below upon a mortgage given by Thos. J. Carroll to one Josephine Clare for $1,000 under date of January 18, 1884, and assigned on December 4, 1893, to Joseph Wasserman, the plaintiff below. Judgment was obtained on said mortgage on January 30, 1895, and damages assessed at $1,086. A levari facias was issued upon the judgment, the property sold at sheriff's sale on March 4, 1895, for $500 to the assignee, Joseph Wasserman, and the sheriff's deed to the same executed under date of April 20, 1895. After the payment of taxes and costs the sheriff paid into court the sum of $376.80. The appellant, Mary J. Carroll, wife of Thomas J. Carroll, claimed of this amount the sum of $161.43 for certain arrearages of a ground rent of $21.00 per annum, averred to be vested in her, from July 24, 1888, to the date of the sheriff's sale with interest on each separate arrearage from date of same. In opposition to this claim was that of Joseph Wasserman, the assignee of the mortgage and owner by sheriff's deed, alleging that said ground rent was conveyed by a deed dated November 23, 1893, from Thomas J. Carroll and Mary J., his wife, to one John O'Toole, and by a subsequent conveyance of the same by John O'Toole and wife to Eliza Johnson under date of May 17, 1894. Upon the death of Eliza Johnson and after the above sheriff's sale, David S. Johnson, son and heir of Eliza Johnson, by deed dated May 17, 1895, conveyed the same property to Joseph Wasserman for $200. Joseph Wasserman became claimant in his own right, both as assignee of the mortgage and as owner of the ground rent under deed from David S. Johnson dated May 17, 1895. Thomas J. Carroll primarily became possessed of the property described in the above mortgage by deed dated July 10, 1883, from Michael Regney and Elizabeth, his wife, for the sum of $1,200, the same being subject to a certain annual ground rent of $21.00. The contention of the appellant herein is based upon an assignment, dated July 24, 1888, of the ground rent of $21.00 per annum by one Ann Martha Fuller to the appellant for the consideration of $350. The above facts are generally set forth inter alia as the findings of the auditor in his report. In said report the auditor awarded to the appellant the arrears of ground rent due from Novem-

ber 28, 1893, the date of conveyance by Thos. J. Carroll and wife (appellant) to John O'Toole, to the date of the sheriff's sale, March 4, 1895, in all amounting to the sum of $31.50. The balance, after the payment of fees and costs, he awarded to Joseph Wasserman, plaintiff below and assignee. Joseph Wasserman, however, claimed the whole fund and filed exceptions to the auditor's report, alleging error in awarding any part of the fund to the said Mary J. Carroll. The exceptions were sustained by the court below.

*Error assigned* was in sustaining exceptions to auditor's report.

*Patrick E. Carroll*, with him *A. V. W. Budd*, for appellant.— A ground rent is a separate estate from the ownership of the land: McGuigg v. Morton, 39 Pa. 31. A married woman who joins in conveyance of her husband's real estate is not bound by the covenants in the deed : Trullinger v. Charles, 129 Pa. 289 ; Dean v. Shelly, 57 Pa. 426 ; Klein v. Caldwell, 91 Pa. 140.

*James Collins Jones*, with him *Lewin W. Barringer*, for appellee.—The words of the deed are unquestionably sufficient to pass the ground rent : Shep. Touchstone, 98 ; Manderbach v. Orphans' Home, 109 Pa. 231; Streaper v. Fisher, 1 R. 155, 162 ; Grubb v. Grubb, 74 Pa. 25 ; Cruise on Real Prop., vol. 4, p. 294 ; Mitchell's Real Est. and Conveyancing in Penn. p. 474 ; Sheppard's Touchstone, p. 97 ; Dean v. Shelly, 57 Pa. 426 ; Klein v. Caldwell, 91 Pa. 140 ; Hatz's App., 40 Pa. 209 ; Craft v. Webster, 4 Rawle, 242, 252.

OPINION BY WILLARD, J., November 9, 1896 :·

By a conveyance sufficient in law, Mary J. Carroll, wife of Thomas J. Carroll, on July 14, 1888, became the grantee and owner in her own right of a ground rent of $21.00 per annum charged upon the premises No. 706 Jamison street in the city of Philadelphia. By the grant and conveyance to her she was vested with a real interest in the premises capable of conveyance or extinguishment by deed and that might be taken in execution and sold as realty. By virtue of this interest, so vested in her, she claimed rent in arrear before the auditor in the court below, which was allowed by him, but on exceptions

disallowed by the court. The only question in this case is the effect of the deed of Thomas J. Carroll and Mary J., his wife, of November 28, 1893, to John O'Toole. By its terms it purported to convey inter alia the premises 706 Jamison street.

The words of the grant are as follows: "The said Thomas J. Carroll and Mary J., his wife, have granted, bargained, sold, aliened, enfeoffed, released and confirmed, and by these presents do grant, bargain, sell, alien, enfeoff, release and confirm unto the said John O'Toole, his heirs and assigns " inter alia the premises in question described as 706 Jamison street " together with all and singular the buildings, improvements, ways, waters, watercourses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever thereunto belonging or in any wise appertaining, and the reversions and remainders, rents, issues and profits thereof: and all the estate, right, title, interest, property, claim and demand whatsoever of them the said Thomas J. Carroll and Mary J., his wife, in law, equity or otherwise howsoever of, in and to the same and every part thereof."

There is no ambiguity in this instrument. It must be construed from the language used in all its parts. The fact that Mrs. Carroll never claimed rent is as immaterial as the fact that Mrs. Johnson, grantee of O'Toole, in a letter expressed her opinion or belief that the rent was still a charge.

The question is, what passed by the deed? In Streaper v. Fisher, 1 Rawle, 154, it was said " Therefore, if the sheriff levy on the rent charge, but advertise, sell or convey the lot out of which it issues, the rent charge passes." In Heartley v. Beaum, 2 Pa. 165, under a sheriff's sale, where the lot was described, " with the rents, issues and profits thereof," it was held that the ground rent reserved passed to the purchaser.

It is urged that the ground rent was an estate in the wife separate from that of the husband in the ground. This position is undoubtedly correct. Mrs. Carroll was unquestionably the owner of the ground rent absolutely. It was neither held in nor charged with any trust, as in Hatz's Appeal, 40 Pa. 209, and Klein v. Caldwell, 91 Pa. 140.

With the act of June 8, 1893, in full force, Mrs. Carroll had the right and power to convey the ground rent or any other interest in her own land, provided her husband joined in the conveyance.

We are aware that prior to the act of 1887 a wife, joined by her husband in a conveyance of her own estate, could not be held in an action upon the covenants in the deed. But why? Simply on account of her disability prior to that time to enter into the covenant so as to be personally liable thereon. This disability being removed by the acts of 1887 and 1893, the reason for the rule no longer exists, and in a conveyance of her own property, properly joined by her husband, she is undoubtedly liable on her covenants relative thereto.

This man and wife, each having an interest in the subject of the grant, by apt and unambiguous words conveyed the same to John O'Toole, and by our judgment we do not propose to fritter away the plain meaning of the grant without stronger evidence of a different intent than that contained in the report of the learned auditor. The rents were not reserved in the deed, they were clearly granted without exception, limitation or qualification. Mrs. Carroll had no right to the fund in court, because she had deeded away the source from which it sprang, and by subsequent conveyances the ground rent became vested in Joseph Wasserman, who was the sheriff's vendee under the mortgage of her husband's interest.

The assignment of error is overruled, the judgment affirmed and a procedendo awarded.