## American Brewing Company v. Reinsburrow.

*Mortgage—Married women—Evidence.*

On a scire facias sur mortgage given by a married woman to secure the debt of her husband, the court commits no error in refusing to allow the defendant to avoid her mortgage on her own testimony, not only uncorroborated, but contradicted by that of the only witness heard on her behalf, that fraud and duress had been practiced upon her.

Argued May 1, 1900. Appeal, No. 127, Jan. T., 1900, by defendant, from judgment of C. P. Warren Co., Dec. T., 1898, No. 6, on verdict for plaintiff in case of American Brewing Company v. Melissa Reinsburrow. Before McCOLLUM, MITCHELL, DEAN, FELL and BROWN, JJ. Affirmed.

Scire facias sur mortgage. Before LINDSAY, P. J.

The facts sufficiently appear by the opinion of the Supreme Court.

*Error assigned* was in refusing defendant's offer, as stated in the opinion of the Supreme Court.

*W. W. Wilbur,* of *Wilbur & Schnur,* with him *Allen & Sons,* for appellant.—Under all the evidence we submit that the case was for the jury and not for the court, according to the deci-

sions of this court in the following cases: Cridge v. Hare, 98
Pa. 561; Cover v. Manaway, 115 Pa. 345; Heeter v. Glasgow,
79 Pa. 83; Williams v. Baker, 71 Pa. 476; McCandless v.
Engle, 51 Pa. 309; Schrader v. Decker, 9 Pa. 15.

*W. E. Rice,* with him *W. D. Hinckley,* for appellee.—We
are aware of no case that has been decided in this state where
a married women has been allowed to impeach the official cer-
tificate of the due execution and acknowledgment of a deed or
mortgage by her own uncorroborated testimony.   The contrary
has been decided: Kaufmann v. Rowan, 189 Pa. 121; Citizen's
Saving & Loan Assn. v. Heiser, 150 Pa. 514; Oppenheimer v.
Wright, 106 Pa. 569.

OPINION BY MR. JUSTICE BROWN, July 11, 1900:

The case below was a scire facias upon a mortgage given by
a married woman, Melissa Reinsburrow, to secure the debt of
her husband to the appellee.   Under binding instructions, the
verdict was in favor of the plaintiff, and the single assignment
of error relates to the refusal of the court to allow the appellant
to avoid her mortgage on her own testimony, not only uncor-
roborated, but contradicted by that of the only witness heard
on her behalf, that fraud and duress had been practiced upon
her.   Bennett, whose testimony, taken at a former trial, was
offered by the defendant, test ned that he was in the room when
Mrs. Reinsburrow executed the mortgage, having gone there
with Mr. Reinsburrow, the husband, and the justice of the
peace; that he saw her sign it; that she made no objection
whatever to signing it, and that L. Reinsburrow, the husband,
did not, in his hearing, say that, unless she executed it, he would
be arrested.   He further testified that, after it had been signed,
he and the husband, at the request of Bradley, the justice of
the peace, went into the hall and remained there until the wife's
acknowledgment had been taken.   In the face of this testimony,
introduced by the defendant herself, she boldly proposed to
testify that when the instrument was presented to her for her
signature, her husband told her that " it was a paper for the
sum of $1,800; that she refused to sign the paper, and he then
told her it was for the debt he owed to the American Brewing
Company, and that if she did not sign it he would be arrested

and they would lock him up, and that she must sign it; that she declined to do so; that he then raised her up in bed, placed a pen in her hand and the paper before her, and holding her hand with the pen in it, physically guided her hand, signing her name to the mortgage against her will; that during the transaction the said agent [Bennett] and justice were in the room in sight and hearing; that the justice then asked her if she acknowledged the paper, to which she did not give her assent; that when he did so, her husband and the agent were in sight and hearing. " Broad as this offer was, it was not proposed to prove that the justice of the peace had not informed Mrs. Reinsburrow of the full contents of the mortgage before she acknowledged it. The court having disallowed the offer, counsel for the defendant stated that they had nothing further to submit, and the verdict was directed for the plaintiff.

The refusal of the learned trial judge to permit this appellant, after she herself had proven by her own witness her due execution and acknowledgment of the mortgage, to testify to what was embraced in the overruled offer was so manifestly correct, that we are at a loss to understand how it can be seriously questioned. A married woman may mortgage her separate estate to secure the payment of her husband's debt, and, when she does so mortgage it, she is bound by her deed. To allow her to avoid it, as this appellant seeks to avoid hers, would indeed, in the words of PAXSON, J., in Oppenheimer v. Wright, 106 Pa. 569, be to allow her mortgage to become "as worthless as the paper upon which it is written."

The assignment of error is overruled and the judgment affirmed.