## Crain, Appellant, *v.* Warner.

*Husband and wife—Deed conveying property of husband—Jointure by wife—Warranty—Breach—Liability of wife—Act of June 8, 1893, P. L. 344.*

A married woman, who joins with her husband in conveying his real estate, is not personally liable for the breach of a covenant against encumbrances.

In releasing her inchoate right of dower, a married woman does not become surety for her husband in the payment of any lien which encumbered his property at the date the deed was delivered.

George *vs.* Brandon, 214 Pa. 623, distinguished.

Argued March 12, 1926.   Appeal No. 5, October T., 1925, by plaintiff, from judgment of C. P. Blair County, No. 236, March T., 1923, in the case of Mary M. Crain v. Daniel C. Warner and Anna B. Warner.   Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Assumpsit for a breach of covenant of general warranty in a deed.   Before BALDRIDGE, P. J.

The facts are stated in the opinion of the Superior Court.

The court entered judgment for the defendant on an affidavit of defense raising certain questions at law. Plaintiff appealed.

*Error assigned* was the decree of the court.

*R. A. Henderson,* and with him *David R. Perry,* for appellant.

*John J. Haberstroh,* for appellee.

OPINION BY KELLER, J., April 19, 1926:

The defendants, husband and wife, by deed of general warranty conveyed to the plaintiff a lot of ground belonging to the husband. At the time of the conveyance there were certain municipal liens entered against the property, in the name of the husband, which the plaintiff was subsequently obliged to pay. She brought this action against both defendants on the covenant of warranty in the deed. The question involved is whether the wife is personally liable, along with the husband, for this breach of the covenant, or the husband alone is answerable.

It is admitted that prior to the Act of June 8, 1893, P. L. 344, she was not personally liable on such a covenant: Dean v. Shelly, 57 Pa. 426; Klein v. Caldwell, 91 Pa. 140; Hughes v. Torrence, 111 Pa. 611; Houseman v. Grossman, 177 Pa. 453. But it is contended that her rights have been so enlarged by that act as to establish her liability in the present action. If she had been the owner of the land she would undoubtedly be liable with her husband on the covenant: Wasserman v. Carroll, 2 Pa. Superior Ct. 551. Appellant contends that it makes no difference whether the deed conveys her separate estate or only her inchoate right of dower—that she is liable in an action on the covenant in either case.

Since the Act of 1893, supra, a married woman may, in the same manner and to the same extent as an unmarried person, make any contract in writing or otherwise, which is necessary, appropriate, convenient, or advantageous to the exercise of her right and power

to acquire, own, possess, control, use, lease, sell or otherwise dispose of her property, real or personal; but she may not become accommodation endorser, maker, guarantor or, surety for another, and she may not execute or acknowledge a deed or other written instrument, conveying or mortgaging her real property, unless her husband join in such mortgage or conveyance. Since the act, she may pledge her own personal property, or, with the joinder of her husband may convey or mortgage her real estate, as security for another's debt: American Brewing Co. v. Reinsburrow, 197 Pa. 67; Herr v. Reinoehl, 209 Pa. 483; Hazleton Nat. Bank v. Kintz, 24 Pa. Superior Ct. 456; but she may not by deed or otherwise enter into a contract, not relating to her own real or personal property, which amounts to her becoming bound as accommodation endorser, maker, guarantor or surety for another.

Appellant relies on the decision of the Supreme Court in George v. Brandon, 214 Pa. 623, which held that where a wife joined her husband in a general warranty deed conveying his property she could not, as against the grantee, acquire title to the land in a proceeding on a mortgage which was a lien on it at the date of the deed. (See Waslee v. Rossman, 231 Pa. 219, 228.) It ruled that by joining in the covenant she was estopped from setting up her deed acquired under the mortgage as against the grantee of her husband (p. 626). While there are expressions in the opinion which apparently give some color to appellant's contention, they must be read in the light of the question involved in that case. Our Supreme Court has pointed out a number of times that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used: Kates's Est., 282 Pa. 417, 424; O'Malley v. O'Malley, 272 Pa. 528, 536; Levin v. Fourth Street Nat. Bank, 277 Pa. 350, 355; Cohens v. Virginia, 6 Wheaton 264, 399. There is inherent evidence in the opinion in George v. Bran-

don that it was not intended to hold that by joining in her husband's deed the wife assumed personal liability as surety for the payment of her husband's liens and judgments encumbering the land; for on page 626 it is said: "If a stranger had purchased the premises, the remedy of the plaintiff would have been an action against Brandon [not, against Brandon and his wife, jointly] on the covenant." The purpose of the wife's joining in her husband's deed is to bar her inchoate right of dower. By doing so, under the decision in George v. Brandon, supra, she bars herself from asserting, as against the grantee, title acquired under any lien or encumbrance existing on the property at the time of the deed; but it would be in direct opposition to the Act of June 8, 1893, supra, to hold that by joining in a deed conveying his property she made herself personally liable as a surety for the payment of her husband's debts which were liens on his land so conveyed.

In the present case Mrs. Warner is not attempting to assert any title against Mrs. Crain, the grantee in the deed. Her only contention is that in releasing her inchoate right of dower she did not become surety for her husband in the payment of any lien which encumbered his property at the date the deed was delivered.

In our opinion, the learned court below correctly ruled the question of law raised by the appellee, Anna B. Warner, in her affidavit of defense, and the judgment is affirmed; without prejudice to appellant's right to proceed against the other defendant, Daniel C. Warner.