# KERN v. MURPHY, FRALEY AND WIFE.

### November 11, 1837.

*Rule to show cause why a sheriff's sale should not be set aside.*

1. Where a mortgage was given by a trustee and a married woman, under the terms of the trust, and the husband having no interest in the land, yet nevertheless, joined in the mortgage, and the proceedings on the mortgage named the husband as a defendant, who became the purchaser under these proceedings at sheriff sale, the court will not set aside the sale on that account.

2. A sheriff's sale will not be set aside where a defendant, who is merely nominally so, becomes the purchaser.  *Qu.* If the purchaser were a real defendant and owner of the land?

3. The plaintiff's counsel not receiving a special notice of the day of the sale, as he expected by an arrangement with the sheriff or by the general practice of that officer, is no ground for setting aside a sheriff's sale.

THIS was a motion to set aside the sheriff's sale under a *levari facias.* Under a deed of trust, Murphy was a trustee for the separate use of Elizabeth Fraley, wife of George R. Fraley, with power to sell, convey, and mortgage, on the direction and appointment of the said Elizabeth. Murphy, trustee, and Elizabeth, the wife, executed a mortgage of the premises, in which the husband, George R. Fraley, joined. This mortgage, was sued out; the trustee, husband and wife, were all joined in the suit, judgment was entered, a *levari facias* issued, following, as to the parties, the writ of *scire facias,* and the sheriff sold the premises at the sale to said George R. Fraley, named as a defen-

[Kern v. Murphy, Fraley and wife.]

dant in the writ.    The plaintiff moved to set aside the sale upon affidavits, and assigned the following among other reasons, viz.

1. The defendant, George R. Fraley, was the purchaser.

2. The plaintiff's counsel did not receive a special notice of the day of sale, which by an arrangement with the sheriff or the general practice of the office, he had reason to expect, by which he was absent from the sale, to the injury of the plaintiff's interest.

3. The price was inadequate.

*Hopkins*, for the rule.
*J. R. Ingersoll*, contra.

The opinion of the court was delivered by

STROUD, J.—As mere *inadequacy of price* is not a ground for setting aside a sheriff's sale, even when urged by *the defendant* in the execution, it is necessary to examine the other reasons only which have been relied upon for this purpose.    These are, 1. That the *defendant George R. Fraley* was the purchaser.    2. That by an arrangement with the sheriff or the general practice of that officer, the plaintiff's counsel had reason to expect a *special* notice of the day of sale, which was nevertheless not given to him.— 1. It would be a sufficient answer to the *first* of these reasons to state that *George R. Fraley*, the purchaser, was but a *nominal* defendant.    The property was the *separate* estate of his wife, and the joining him in the mortgage was not required by the terms of the trust deed.    Had he been the owner of the property, and necessarily a party to the judgment, it is not settled how far this condition of circumstances would have prejudiced his right to become the purchaser.    Yet so far as the plaintiff is concerned, it would leave his interest untouched, or be a benefit to him.    If the purchase money should be sufficient to discharge the judgment and the costs of sale, the plaintiff's debt would be satisfied.    If the property should be struck off for less than the plaintiff's claim, he could by an execution *pro residuo*, levy upon it again the moment after the acknowledgment of the deed by the sheriff— or, as the acknowledgment (except under the peculiar statutory provision in respect to the acknowledgment of deeds by the sheriff in this court where the execution issues from the Supreme Court,) cannot take place till several days subsequent to the return of the writ, a new execution might issue, and according to Morrison *v.*

[Kern v. Murphy, Fraley and wife.]

Wurts, 7 *Watts* 437, be levied on the same land even before acknowledgment.   The first reason must be dismissed.

The *second* comes with the recommendation, it is said, of a decision of the Supreme Court and a similar one in this court. On a subject of this nature, the decisions of the Supreme Court have no binding authority, but without doubt a solemn adjudication of that court or of this, should receive from us the most respectful consideration.   It is quite probable, however, that other circumstances conspired to produce these decisions.   In applications to set aside sheriff sales, small matters are invoked, and if the price be *inadequate*, the rule is made absolute, the mind of each judge being influenced, perhaps, by a different consideration. The case in the Supreme Court has not been *reported*,—a reason which detracts from its weight, since if the omission by the sheriff of the *special* notice to the plaintiff's counsel had had the influence ascribed to it, and formed the sole ground of the decision, it is a fair presumption that the court would have taken care to put the decision in its most authentic mode of transmission.

I am at a loss to discover in what respect the rights of the plaintiff should be deemed superior to those of other persons who, at the *invitation* of the sheriff, attend at the time fixed for the sale, and avail themselves of the opportunity of becoming purchasers.   Other incumbrancers have as certain an interest as the plaintiff, and are equally entitled to the notice and interposition of the court.   Suppose any one of these had, for his personal convenience, solicited from the sheriff the favour of a special notice also, and it had been promised accordingly, yet accidentally neglected, would the suggestion of this omission from such a party, although interested as much and perhaps more than the plaintiff, be listened to?   Would it occur to the mind of any one to make it?   During the last week we had an application to set aside a sheriff's sale, the purchaser at which was a judgment creditor, who, to protect his interest, had attended the sale, although his home was in another state, and nearly one hundred miles distant.   Here was a considerable expense incurred, time occupied, and the personal inconvenience of a journey in an inclement season of the year.   Could the claims of such a purchaser be disregarded on the suggestion of the plaintiff, that he had proposed to himself the very advantage which the other

[Kern v. Murphy, Fraley and wife.]

incumbrancer had secured, and would have succeeded but for the forgetfulness of his sub-agent in the performance of a *gratuitous* undertaking. Had the *plaintiff* been the purchaser in the case before us, instead of the *defendant*, and at the very same price, must not the sale have been confirmed?

Besides the two decisions in support of this application, our attention has been directed to some peculiar doctrines of this court formerly, on the subject of sheriff sales. It is an indisputable fact, that such sales have again and again been set aside on the following grounds: *first*, that an advertisement of the sheriff had not been posted by him on a conspicuous part of the property to be sold; and *secondly*, because the sheriff had not caused his advertisement to be inserted in a city newspaper, although not authorized, *at that time*, by act of assembly.

In relation to the *posting of a bill* on the property, it has by a recent act of assembly received legislative sanction, and cannot be dispensed with, but at the time when this court was in the habit of exacting its performance it was unquestionably *a trespass*, a violation of the defendant's rights of property, and an outrage upon his feelings and the feelings of his family. That it was then and is now wholly useless as well as offensive, is shown by the removal or defacement of the obnoxious placard, in most instances, as soon as discovered.

The other requisition—that the sheriff should advertise in a newspaper—was a practice in itself highly proper and conducive to the interests of all concerned. It has now the authority of the legislature. But it is not to be disguised, that prior to this period, and when in fact the *fee bill* made no provision for reimbursement of the expense to the sheriff, and when, moreover, the reception by the sheriff of any compensation not expressly allowed by the fee bill, subjected that officer to a penalty of fifty dollars, this court adopted the rule of vacating his sales, unless preceded by publication in the newspaper.

It is impossible that precedents of such a character can have any weight with us, however highly we may respect, individually, those by whom they were established. It is difficult to account for the inception of a practice so manifestly at variance with the known laws of the commonwealth, and the free and benignant spirit of her institutions.

The practice which we have, in the present instance, been

[Kern v. Murphy, Fraley and wife.]

called upon to recognise, is opposed to no statute, nor is it calculated to lacerate the feelings of any one. But it militates against the equal rights of incumbrancers generally on property exposed to sale under judicial process,—is impolitic from its probable effect on persons not creditors of the defendant, but desirous to purchase,—conduces but little, if at all, to the convenience of *plaintiffs* themselves, and is by no means necessary for their protection.