## West Arch Building & Loan Assn. *v.* Nichols, Appellant.

Argued January 7, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER and MAXEY, JJ.

436

*Claude L. Roth,* for appellant.—The questioned act is in conflict with section 7, article III, of the Constitution: Naples v. Minier, 3 P. & W. 475; Federal Land Bank of Baltimore v. King, 294 Pa. 86; Keene Home v. Startzell, 235 Pa. 110; Levy v. Spitz, 297 Pa. 136; Lumber Co. v. Carnegie Institute, 225 Pa. 486; Laplacca v. P. R. T., 265 Pa. 304; Penna. Co. for Ins. on Lives, etc., v. Phila., 262 Pa. 439.

Since the Act of 1929 was obviously intended to apply to mortgage bonds executed before its passage, it impairs the obligation of such contracts by depriving the obligors of a substantial right incident thereto: Galey v. Guffey, 248 Pa. 523; Weist v. Wuller, 210 Pa. 143; Edwards v. Kearzey, 96 U. S. 595; Atlantic Terra Cotta Co. v. Carson, 53 Pa. Superior Ct. 91; McLaughlin v. Shields, 12 Pa. 283; Cadmus v. Jackson, 52 Pa. 295.

If the sale was void for want of an inquisition or waiver thereof, the delivery of a sheriff's deed to the appellee did not cure the defect: Shoemaker v. Ballard, 15 Pa. 92; Clough v. Welsh, 229 Pa. 386; Spragg v. Shriver, 25 Pa. 282; St. Bartholomew's Church v. Wood, 61 Pa. 96; Albright v. C. & N. Co., 203 Pa. 65; McLanahan v. Goodman, 265 Pa. 43.

Plaintiff in the execution having become the purchaser at the sheriff's sale is affected with notice of all irregularities in the proceedings, especially a want of

inquisition or waiver thereof, or want of notice: Caldwell v. Walters, 18 Pa. 79; Kimball v. Kelsey, 1 Pa. 183; Gardner v. Sisk, 54 Pa. 506; Kunselman v. Stine, 183 Pa. 1.

The sheriff's return to the fi. fa. issued under the Act of 1929 does not show that notice was given to the debtor in accord therewith: Cash v. Tozer, 1 W. & S. 519; Snyder v. Berger, 18 W. N. C. 490.

*Wm. Barclay Lex,* with him *Charles C. Norris, Jr.,* and *C. J. Hepburn,* for appellee.—The Act of 1929 is constitutional: Com. v. Gilligan, 195 Pa. 504; Lloyd v. Smith, 176 Pa. 213; Phila. v. deArmond, 63 Pa. Superior Ct. 436; Vinnacombe v. Phila. & Am. Stores Co., 297 Pa. 564, 570; Naples v. Minier, 3 P. & W. 475; Com. v. Puder, 261 Pa. 129; Com. v. Coupé, 6 D. & C. 658; Mason Heflin Coal Co. v. Currie, 270 Pa. 221; Mansley's Est., 253 Pa. 522; Phila. v. Com., 270 Pa. 353; Kuca v. Coal Co., 268 Pa. 163; King v. Security Co., 241 Pa. 547; Lewis v. Light, Heat & Power Co., 62 Pa. Superior Ct. 282; Cairns v. Spencer, 87 Pa. Superior Ct. 126.

Only defendant in the execution, to wit, Stolworthy, may raise objection to the absence of inquisition: Levy v. Spitz, 297 Pa. 136; McLaughlin v. McLaughlin, 85 Pa. 317; Wray v. Miller, 20 Pa. 111; Weaver v. Henninger, 1 Pa. D. & C. 167; Yost v. Smith, 105 Pa. 628.

Sufficient and proper notice of the sheriff's sale was given Stolworthy.

OPINION BY MR. JUSTICE KEPHART, March 16, 1931:

Appellee entered judgment on a bond accompanying a mortgage, issued a writ of fieri facias thereon under the Act of May 6, 1929, P. L. 1557, and sold the mortgaged premises without inquisition. The validity of the sale and the constitutionality of the Act of 1929 were the questions passed on by the court below and which

are here for decision. The sale and the act were sustained.

At an early date, the legislature took steps to protect land from forced sales for debts. The Act of 1705, 1 Sm. L. 57, provided that lands which in seven years would yield yearly sufficient rent to pay the debt, interest, and costs, could not be sold for debt, and a sale of real estate on a fieri facias without an inquiry as to whether or not it could in seven years pay the debt was void. Debts secured by mortgages were excepted. On account of this act, the collection of claims from real estate became unduly prolonged and costly, and creditors sought a more expeditious method of collection. They required their debtors to waive inquisition by agreement. This could always be done, and was recognized by the Acts of June 16, 1836, P. L. 755, 765, section 45; and April 26, 1921, P. L. 206; Levy v. Spitz, 297 Pa. 136. Under the Acts of 1705 and 1836, the mortgagee could proceed by scire facias and levari facias to sell the mortgaged premises without condemnation or inquisition. It has also been held that, under similar circumstances, the sale of a particular interest in land may be made without condemnation; for illustration: a life estate (Howell v. Woolfort, 2 Dallas 75; Kern v. Murphy et al., 2 Miles 157); an estate of uncertain duration (Stewart v. Kenower, 7 W. & S. 288); a reversion or remainder or an interest of husband in wife's lands (Burd v. Dansdale, 2 Binney 80, 91); but these are all limited to the quality of the interest or duration of ownership. Unimproved land may be sold: Johnson's Lessee v. Lochry, 1 Sm. L. 62. Apart from these exceptions, the universal practice, since the Act of 1705, has been to require the condemnation of land levied on a fieri facias, though subject to a mortgage. "It is true that a condemnation is not necessary to a sale on a liberari [levari] facias; but that is because the legislature has thought proper to give an advantage to a mortgagee, which it has seen fit

to give to no one else": Naples v. Minier, 3 P. & W. 475, 478.

The Act of 1929 permits the sale of mortgaged real estate, under a judgment on the bond accompanying such mortgage, by the sheriff upon a writ of fieri facias without inquisition and without any other writ. Section 1 provides, "That no inquisition shall be necessary in connection with the sale of real estate by the sheriff, upon a writ of fieri facias, issued upon a judgment entered upon a bond accompanying a mortgage, secured upon the real estate to be sold; and the sheriff may, after giving notice in the manner now provided by law in cases of sales under writs of venditioni exponas, proceed to sell such real estate upon the said writ of fieri facias without any other writ whatever." A judgment entered on a bond accompanying a mortgage, as provided in the Act of 1929, relates back to the mortgage. This is so because it represents the identical debt that is secured by the mortgage. See Keene Home v. Startzell, 235 Pa. 110. The relief that the act gives to the execution mentioned therein merely substitutes for the collection of the mortgage debt one form of execution for another with the same effect. The fieri facias takes the place of the levari facias in selling the land, and, as we have previously stated, land could be sold prior to this act through a levari facias without condemnation to enforce payment of the mortgage debt. Such debtors did not come within the protection of the Act of 1705.

But it is argued that the act violates article III, section 7 of the Constitution, prohibiting the passage of any local or special law "authorizing the creation, extension or impairing of liens......or providing or changing methods for the collection of debts, or the enforcing of judgments, or prescribing the effect of judicial sales of real estate."

The Act of 1929 relates entirely to a special procedure created by the early acts in favor of a mortgagee. It does not provide any additional special remedy. Be-

fore the act, land could be sold without inquisition to collect a mortgage debt. The Act of 1929 merely gives another writ to enforce the same right. The sale under this act has the same effect as sales under older acts. The legislature might have dispensed with a scire facias and authorized an immediate sale on default by levari facias. The Act of 1929 does not change the nature of the action, which was to collect a mortgage debt on default. The act does not change the judgment from one in rem to one in personam, or vice versa; nor does it permit the holder of the encumbrance to reach property not previously covered by his lien. Under it, he sells only land that could be sold on a levari facias. The land designated to be sold is the land covered by the mortgage. The act does not authorize any new writ or process disadvantageous to the defendant, nor does it permit property to be sold without notice to the defendant. This is covered by the provision as to notice required by the Venditioni Exponas Act. Section 62 of the Execution Act of June 16, 1836, P. L. 755, requires, in addition to handbills, personal notice to the defendant on any sale of real estate under a venditioni exponas, and Rule 96 of the Common Pleas of Philadelphia County, gives additional protection to that sale. See also Act of July 22, 1919, P. L. 1089, as to notice.

The act does not violate the constitutional inhibition against impairing the obligations of contracts. It changes the mode of procedure or the remedy by eliminating a part of the requisites. In King v. The Security Co., 241 Pa. 547, in discussing the act relating to the service of process in suits against corporate sureties, it is stated: " 'No person has a vested right in any course of procedure, nor in the power of delaying justice, or of deriving benefit from technical and formal matters of pleading......and if a statute alters that mode of procedure, he has no other right than to proceed according to the altered mode. The remedy does not alter

the contract or the tort; it takes away no vested right': Endlich on Interpretation of Statutes, 285."

"Procedure is a matter of statutory regulation, and, unless prevented by the Constitution, the legislature may alter it at will, provided the obligations of contracts are not impaired; but where the remedy is not entirely taken away......no contract is impaired. Legislation which affects rights will not be construed to be retroactive unless it is declared so in the act. But where it concerns merely the mode of procedure, it is applied, as of course, to litigation existing at the time of its passage": Kuca v. Lehigh Valley Coal Co., 268 Pa. 163, 166, and cases there cited; Lewis v. Wyalusing Power Co., 62 Pa. Superior Ct. 282. See also Phila. v. Com., 270 Pa. 353. The debtor suffers no more under the Act of 1929 than he would have been compelled to undergo under the writ in use before; his rights in all respects are similar under the changed procedure, and the contention that others may suffer because they may not be served, is of no moment; he is not hurt. See Keene Home v. Startzell, supra. But, regardless of this, ample opportunity is given to everyone who has a defense to appear and be heard, and no such right is here denied. The other questions raised are either not material or are answered against appellant by the returns of service in the record.

Judgment affirmed.