Union Trust Co., Guardian, etc., Appellant,
*v.* Ross et al.

Argued September 30, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*E. C. Higbee,* with him *Dean D. Sturgis* and *Higbee, Mathews & Llewellyn,* for appellant.—The case is not within the Act of 1849: Howell v. Woolfert, 2 Dall. 75; Near v. Watts, 8 W. 319; Dateman's App., 127 Pa. 376.

The sale was agreed to by the terms of the bond: Dateman's App., 127 Pa. 348; Hageman v. Salisberry, 74 Pa. 280; Kostenbader v. Spotts, 80 Pa. 430; Levy v. Spitz, 297 Pa. 136; West Arch B. & L. Assn. v. Nichols, 303 Pa. 434; Kostenbader v. Spotts, 80 Pa. 430, 437; Henry v. McClellan, 146 Pa. 34; McClennan's Est., 158 Pa. 639.

The sale is authorized by the Act of 1929: Shnyder v. Noble, 94 Pa. 286; Keene Home v. Startzell, 235 Pa. 110; Morris v. Campbell, 186 Pa. 589; West Arch B. & L. Assn. v. Nichols, 303 Pa. 434, 439.

*H. S. Dumbauld,* with him *E. Dale Field,* for appellee, cited: Com. v. Allen, 30 Pa. 49; Kintz v. Long, 30 Pa. 501; Henry v. McClellan, 146 Pa. 34; Henry's App., 158 Pa. 639; Kunselman v. Stine, 183 Pa. 1; DeFour v. Bubb, 199 Pa. 107.

OPINION BY MR. JUSTICE SIMPSON, November 23, 1931:
Plaintiff is the owner of a bond and warrant of attorney, secured by a mortgage, one of the mortgagors having a life estate in an undivided one-third interest in the mortgaged property, subject to which the other two have a fee simple title to the whole thereof. The warrant of attorney, which was signed by all the defendants, contained a provision (unimportant, however, in our view of this case) that on any "judgment [entered by virtue hereof,] execution or executions may issue forthwith on failure to comply with any of the conditions hereinafter expressed; and we hereby waive inquisition and condemnation of any land levied upon by virtue of any such execution, and hereby condemn it and agree to the sale thereof." The debt being overdue, plaintiff caused judgment to be entered therefor, and upon it issued a fi. fa., under which the mortgaged premises were sold by the sheriff. Plaintiff's right thus to sell the interest of the two defendants who had a fee in the property, is not disputed; but the life tenant moved that the sale be

set aside because, inter alia, the requirements of section 4 of the Act of January 24, 1849, P. L. 676, had not been complied with. Her contention in this respect was sustained by the court below, and the sale set aside. From that order plaintiff appeals. We are of one mind that it was erroneous.

It is not necessary to quote the lengthy provisions of the Act of 1849. It suffices that, upon the supposed authority of some of our earlier cases, the court below decided that full compliance with its terms was essential, and construed it to mean that a life estate may never be sold upon a fieri facias; that there must always be a condemnation of the land before a sheriff's sale of it can be had; and that the inquest which condemns it must also appraise the yearly value of the land, after which a sale may be had upon a venditioni exponas, if the defendant or occupant of the land does not within thirty days elect to pay, in semiannual installments, the yearly value thus fixed, or, having elected so to do, thereafter neglects for thirty days to make any such payment. Assuming, but not deciding, that the conclusion stated would have been correct prior to the passage of the Act of May 6, 1929, P. L. 1557,—which was in force when this judgment was entered and execution issued,—clearly that statute establishes an entirely different practice for cases like the present.

It provides: "That no inquisition shall be necessary in connection with the sale of real estate by the sheriff, upon a writ of fieri facias, issued upon a judgment entered upon a bond accompanying a mortgage, secured upon the real estate to be sold; and the sheriff may, after giving notice in the manner now provided by law in cases of sales under writs of venditioni exponas, proceed to sell such real estate upon the said writ of fieri facias without any other writ whatever." The word "condemnation" is not used in the act, because there can be no condemnation without an inquisition, which is declared to be unnecessary in the specified class of cases.

It will be noticed also that the statute is general in its terms and does not exclude life estates from its purview. It was held constitutional, and its purpose and effect were stated, in West Arch Building & Loan Assn. v. Nichols, 303 Pa. 434; what was there said need not be repeated here. Under the circumstances here appearing, it says that "no inquisition shall be necessary," but the sheriff may "proceed to sell......upon the said writ of fieri facias without any other writ whatever." Hence, if we assume that the Act of 1849 forbade such procedure, we can only conclude that that statute is no longer applicable to a sale on a judgment "upon a bond accompanying a mortgage," as this one was, and the ruling appealed from has, therefore, no foundation to support it.

It is admitted in appellant's brief that exceptions to the confirmation of the sheriff's sale, filed by all three of the defendants, are still pending in the court below. They aver that the price realized at the sale was grossly inadequate, caused by the uncertainty regarding the title which would be acquired thereat. We will, therefore, provide for a hearing and determination of these exceptions.

The order of the court below is reversed at the cost of appellee, but without prejudice to a hearing and determination by that tribunal, in the usual way and on the usual terms, of such of the exceptions to the confirmation of the sheriff's sale as allege that the price realized at the sale was grossly inadequate.