## Long *v.* Bowman, Appellant.

Argued April 9, 1935.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Frank E. Bowman,* appellant, appeared in propria persona.

*G. G. Martin,* with him *A. E. Middleton,* for appellee.

PER CURIAM, July 18, 1935:

This appeal was argued by the defendant in person. We have overlooked many departures from our rules, in the preparation of his brief, in order that no injustice might be done him for want of an attorney to prepare and argue his case.

On December 28, 1930, the appellant made and delivered to Joseph H. Lepsch his bond, accompanied by a mortgage on certain land therein described in Victory Township, Venango County, to secure the payment of $1,000, payable $500 within one year after date and $500 in two years after date, with interest at six per cent. per annum. On June 15, 1931 Lepsch assigned the bond and mortgage to D. M. Long, the appellee.

The appellant did not pay $500, or anything, on account of the principal by December 28, 1931; nor did he pay anything on account of the principal by December 28, 1932, when the entire principal was due and payable. The only interest he paid was $60, which was paid on February 16, 1932.

On March 8, 1934, judgment was confessed on the bond to January Term, 1934, No. 82 (Continuance Docket) for $1,188.07, the amount then due, and execution, by fieri facias, was thereupon issued to April Term 1934, No. 55, (Execution Docket), and a levy made on the real estate covered by the mortgage, and the prem-

ises were advertised for sale on April 2, 1934, at ten o'clock A. M. The sale was duly advertised, and notice by printed hand bill was given the defendant appellant on March 20, 1934, in accordance with the Acts of May 6, 1929, P. L. 1557 and June 16, 1836, P. L. 755, sec. 62.

Early in the morning of April 2, 1934, appellant presented himself at the chambers of the President Judge of Venango County and requested that the latter prevent the sale of appellant's real estate, which was advertised for sale that day. Following the Judge's suggestion he prepared a short petition setting forth his inability, owing to the present distressing financial conditions, to make payment of the amount due, and that he had made application to the Federal Farm Loan Board, which he had reason to believe would be granted, for the funds required to discharge this obligation in full; and asked that the sale be continued to September 2, 1934. No notice had been given by appellant to appellee or his counsel of his intention to present this petition. The court on presentation of the petition, granted a rule to show cause, returnable to next argument court, with a stay of proceedings, lien of writ and levy to remain. Notice to this effect having been given the sheriff, he adjourned the sale until two o'clock P. M. that same day, and the appellee and his attorneys, at once, came into court and asked that the order so issued be revoked. The court fixed 1:15 o'clock P. M. for a hearing, at which time the appellee filed an answer, denying that appellant was entitled to any continuance under the Act of May 18, 1933, P. L. 826,—under which appellant was apparently proceeding,—because the property levied on and advertised for sale was not a "dwelling" or "farm," "occupied by the owner thereof as his residence," which was a necessary requirement for action under the Act of May 18, 1933. Thereupon, the same day, the court after considering the petition and answer, revoked the order previously made and dis-

missed the petition to continue the sale. The sale was held at two o'clock that afternoon, and the property was sold by the sheriff to John L. Hanna for $1,400, leaving $1,146.89 applicable to appellee's judgment after payment of costs and taxes.

The defendant appealed from the order revoking the granting of a rule to show cause why the sheriff's sale should not be continued to September 2, 1934, and dismissing the petition for a continuance.

We have carefully examined the record and find no reversible error in the proceedings and order appealed from. Without any lengthy discussion we will state briefly our conclusions in the matter.

(1) The appellant was in default in the payment of both principal and interest of his mortgage.

(2) The appellee, the holder of the mortgage, could legally proceed to collect his mortgage either by scire facias proceedings on the mortgage or by entering judgment on the bond accompanying the mortgage and issuing a writ of fieri facias: West Arch B. & L. Assn. v. Nichols, 303 Pa. 434, 154 A. 703; Union Trust Co. v. Ross, 305 Pa. 131, 157 A. 462. He chose the latter method.

(3) The alleged promise of the appellee that he would not proceed to collect his mortgage until pending litigation over a contested scire facias sur mechanic's lien, covering the mortgaged premises, between a third party and this appellant, was disposed of, even if made, was without consideration and of no effect.

(4) The sale on the writ of fieri facias was duly advertised and held and no exceptions were filed to the sale.

(5) It does not appear in the record that the mortgaged property, which was advertised for sale on April 2, 1934, was a dwelling or farm "occupied by the owner as a residence." The possession of a caretaker does not constitute "occupancy by the owner as a residence."

It was, in consequence, not within the provisions of the Act of May 18, 1933, supra.

(6) The lower court was justified, on presentation to it of the facts, in revoking its prior order issued the same day and dismissing the petition to continue the sale.

The order is affirmed.