## Commonwealth, to use, v. Memorial Shrine Corp.

*James H. Duff*, Attorney General, and *David R. Perry*, Special Deputy Attorney General, for Commonwealth.

*Frank L. Pinola*, for defendant.

FLANNERY, J., for court en banc, August 9, 1945.— The Commonwealth filed a lien against the Memorial

Shrine Corporation for taxes said to be due under the Unemployment Compensation Law of December 5, 1936, P. L. (1937) 2897, and issued a sci. fa. sur tax lien.

Defendant denied liability on the grounds:

(*a*) That the lien is unconstitutional because it constitutes a taking without due process;

(*b*) That the payments were not wages but commissions paid to independent contractors, and

(*c*) That if ultimately defendant should be found liable, the amount would be $1,105.89 and not $1,-647.34.

Plaintiff now comes before the court with a rule for judgment for want of sufficient affidavit of defense.

The original act, as amended by the Act of May 18, 1937, P. L. 658, provided:

"If, after notice by the department, any employer fails, neglects, or refuses to pay any contributions due, or the interest due thereon, the amount due shall be collected by civil action in the name of the Commonwealth. . . . Judgments obtained in such civil actions to collect any of the contributions aforesaid shall include interest and penalties, as provided in this act."

By the Act of April 23, 1942, P. L. 60, sec. 309, the law was amended to read:

"Collection of Contributions and Interest.—If, after notice by the department, any employer fails, neglects, or refuses to pay any contributions due, or the interest or penalties due thereon, the amount due may be collected by civil action in the name of the Commonwealth."

The Act of 1942, sec. 308, also provided:

"Contributions to Be Liens; Entry Thereof.—All contributions and the interest and penalties thereon due and payable by an employer under the provisions of this act shall be a lien upon the franchises and prop-

erty, both real and personal, of the employer liable therefor, from the date a lien for such contributions, interest and penalties is entered of record in the manner hereinafter provided. . . . The department may at any time transmit to the prothonotaries of the respective counties of the Commonwealth, to be by them entered of record, certified copies of all liens for unpaid contributions, interest and penalties which may now exist or hereafter arise, upon which record it shall be lawful for writs of scire facias to issue and be prosecuted to judgment and execution in the same manner as such writs are ordinarily employed."

Previous to 1942 the Commonwealth could collect the tax only by "civil action". After the amendment passed in that year the Commonwealth could proceed either by "civil action" or by a tax lien and sci. fa.

Here the Commonwealth seeks to collect taxes which arose from 1938 and extend up to and including part of 1942, by procedure which was enacted into law on April 23, 1942, to become effective as of July 1st of that year.

We cannot agree with the contention of defendant that the State is attempting a retroactive application of the act in question in a manner to render it unconstitutional. The Act of 1942 does not affect the rights of the parties but merely the procedure, which is a matter of statutory regulation and may be altered at will, provided the obligations of contracts were not impaired: West Arch B. & L. Assn. v. Nichols, 303 Pa. 434.

Nor can we agree that penalties constitute a new debt created by the Act of 1942. We find the first reference to penalties in the amendment to section 309, enacted in 1937, P. L. 658, page 664, which provides that judgments obtained in civil actions to collect contributions shall include interest and penalties, as pro-

vided in the act. The amendment of 1942 specifies that "all contributions and the interest and penalties thereon due and payable" shall be a lien for which a writ of sci. fa. may issue, as was done here. But an examination of that lien discloses only the contributions due and the interest at the rate of one percent a month and no other or further penalty.

If the penalty is the interest, then it was provided in the beginning, there is no new debt, and defendant is not harmed. If it is any other assessment of a penal nature, then it is not imposed and defendant is unharmed. In either event, it has no cause of complaint. (For a general discussion of penalties provided in this legislation see Fidelity-Philadelphia Trust Co. et al. v. Hines, Secretary of Labor and Industry, 337 Pa. 48, 59.)

We are unable to appraise the defense which concerns itself with the compensation, because the averments of the affidavit are not sufficiently specific. Whether the payments made to its employes were wages or commissions will depend upon the facts. There are no facts averred in the affidavit of defense. There is stated merely the conclusion that the compensation was not wages but commissions paid to independent real estate contractors which are exempt under the law. The averment cannot be sustained.

Likewise the defense as to the amount. It is averred that if there is a liability, $1,647.34 is excessive; that such liability does not exceed $1,105.89. Here again is the statement of a bald conclusion and here again the averment cannot be sustained.

Accordingly, now, August 9, 1945, rule is made absolute, with leave to defendant to file an appropriate pleading within 15 days.