# Samuel E. Karns, Appellant, *v.* Diana Moore and J. T. Moore.

*Married woman—Landlord and tenant—Note given to liquidate distress.*
The plea of coverture cannot be interposed to warrant striking off a judgment obtained against a married woman upon a note given a landlord to induce him to release her property upon premises rented by her husband and occupied by the family, from its legal liability for the payment of the rent.

Argued May 10, 1897. Appeal, No. 31, April T., 1897, by plaintiff, from decree of C. P. Armstrong Co., Dec. T., 1895, No. 27, striking off judgment. Before Rice, P. J., Willard, Wickham, Beaver, Reeder, Orlady and Smith, JJ. Reversed.

Rule to show cause why judgment should not be opened. Before Rayburn, P. J.

The facts sufficiently appear in the opinion of the court.

The court on motion struck off the judgment entered in the above case for $69.00. Plaintiff appealed.

*Error assigned* among others was striking off judgment.

*Findley P. Wolfe,* for appellant.—When a married woman has a separate estate she may make any and all contracts that a party sui juris may make : McCormick v. Bottorf, 155 Pa. 331.

It is time the profession throughout the commonwealth should understand and appreciate that both the rights and liabilities of married women in this state have been greatly changed and enlarged by the Act of June 3, 1887, P. L. 332: Adams v. Grey, 154 Pa. 258; Abell v. Chaffee, 154 Pa. 254.

*J. H. McCain,* for appellees, submitted no paper-book.

Opinion by Willard, J., July 23, 1897 :

This is an appeal from the order and decree of the court below striking off judgment No. 27, December term, 1895, in the court of common pleas of Armstrong county as to Diana Moore,

who was codefendant with her husband, J. T. Moore, in said judgment.

It appears from the evidence submitted that prior to the giving of the note upon which the judgment was entered, Moore and his wife lived upon a farm belonging to the appellant. Moore leased the farm at an annual rental of $60.00. In order to collect the rent the appellant issued a landlord's warrant and levied upon the personal property upon the farm. Mrs. Moore says in her testimony that all of the property belonged to herself and her sons. It is agreed that the note was executed to pay up the rent and release the property from the lien of the levy by virtue of the warrant. If Mrs. Moore, in the management of her separate property, saw fit to sign the note in order to release the property from its legal liability for the payment of the rent, she had the right to do so under the power conferred upon her by our statutes, and the exercise of that right was a good consideration as to her for the note. In her testimony Mrs. Moore says : " Q. The property that has been levied upon under this execution, part of it is yours? A. Part of it is mine. Q. You claimed the property levied upon as yours? A. Yes, sir, it belongs to the boys and me, all that is there. Q. You claimed that part of it belonged to you? A. Yes, sir; so it did. Q. You knew that the levy was still holding, that the property was liable to be sold? A. I suppose it was. Q. The property that was levied on on the landlord's warrant, that is, your property that was levied on at that time was on the farm? A. Yes, sir."

Karns testified : " Q. Mr. Karns, state what Mrs. Moore—how came it that Mrs. Moore signed this note? A. Well, she gave the note to relieve her of the execution that I had on the property and to make secure of the rent. Q. Mr. Karns, do you recollect how many landlord's warrants you had issued, or was there more than one before the time the note was given? A. I think two or three, two I believe. Q. The personal property on the premises was under levy on one of those warrants at the time that Moore proposed to give you this note? A. Yes, sir. Q. And up to the time the note was given? A. Yes, sir. Q. What was said at that time with relation to releasing the property then under levy; just state what Mrs. Moore said now? A. Mrs. Moore said that she would give the note in or-

der to release her of the levy so that they could move, that is all."

From the testimony submitted it is apparent that at the time the note was given the separate property of Mrs. Moore was upon the farm, that it was liable to seizure and sale for the payment of the rent due the appellant as landlord, that it was under distress for the payment of the rent and was released in consideration of her signing the note.. The plea of coverture under such circumstances cannot be interposed to warrant a court in striking from the record a judgment founded upon the obligation of a married woman given for the protection and release of her separate property.

The order and decree of the court below striking off the judgment as to Diana Moore is reversed and set aside at the costs of the appellee.