## Marie Siebert, Appellant, *v.* The Valley National Bank of Lebanon, Pa.

*Married women—Mortgage—Suretyship—Guaranty.*

The power of a married woman to mortgage her real estate as security for her husband's debt is incident to her ownership, and is not taken away by the Act of June 8, 1893, P. L. 344. The act makes no distinction between suretyship and guaranty.

Argued Feb. 17, 1898. Appeal, No. 493, Jan. T., 1897, by plaintiff, from decree of C. P. Lebanon Co., equity docket, 1894, No. 6, on bill in equity. Before STERRETT, C. J.. GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ. Affirmed.

Bill in equity to cancel a mortgage.

From the record it appeared that the plaintiff, Marie Siebert, on August 12, 1893, executed, with her husband, Siegfried Siebert, a mortgage for $25,000 on her lands, to secure the payment of a debt of $25,000 due by her husband to the defendant bank. The bill charged fraud, but the court in an opinion by BIDDLE, P. J., of the 9th judicial district, specially presiding, found as a fact that there was no fraud, duress or imposition practiced by the plaintiff in the procurement of her signature to the instrument, and, citing Kuhn v. Ogilvie, 178 Pa. 303, held that the mortgage was valid, and dismissed the bill.

*Error assigned* among others was decree dismissing bill.

*Bassler Boyer* and *Samuel Gustine Thompson*, with them *J. P. S. Gobin* and *Frank E. Meily*, for appellant.—Although plaintiff could mortgage her land for the debt of another, she could not become a guarantor.

The fact and not the form of the instrument will determine her liability: Patrick v. Smith, 165 Pa. 526; Real Estate Co. v. Roop, 132 Pa. 500; Weigle et al. v. Mercer, 1 Pa. Superior Ct. 490.

A guaranty is an engagement to pay in default of solvency in the debtor, provided due diligence be used to obtain payment from him: Brown v. Brooks, 25 Pa. 210; Reigart v.

White, 52 Pa. 440; Patrick v. Smith, 165 Pa. 529; Kramph's Exrs. v. Hatz, 52 Pa. 529; Woods v. Sherman, 71 Pa. 104.

*Cyrus G. Derr*, with him *C. H. Killinger*, for appellee.—The appellant's theory that a married woman's mortgage for another's debt in order to be binding must pledge her property for the absolute and unqualified payment of such debt, making the property primarily liable, and that if there be any modification of this primary and absolute liability it makes her a surety or guarantor, and the mortgage void, is unsupported by either reason or authority: DuBois Deposit Bank v. Kuntz, 175 Pa. 432; Kuhn v. Ogilvie, 178 Pa. 303.

OPINION BY MR. JUSTICE MITCHELL, May 23, 1898:

This case is conclusively ruled by Kuhn v. Ogilvie, 178 Pa. 303, where it was held that the power of a married woman to mortgage her real estate as security for her husband's debt is incident to her ownership, and is not taken away by the Act of June 8, 1893, P. L. 344. The learned counsel for appellant have expended much ingenuity in the effort to distinguish between a married woman's pledge of her property as security for absolute payment of another's debt, and as a mere guaranty for contingent payment, and have argued that the uncertain and contingent character of the latter contract brought it within the prohibition of the act of 1893. But as concerns its applicability to this case, the distinction is wholly immaterial whether regarded in the light of the statute or of sound reasoning. The act of 1893 classes suretyship and guaranty together, " but she may not become accommodation indorser, maker, guarantor or surety for another." If this language prohibits one it also prohibits the other, for it is impossible to separate them. And as matter of sound reason the greater includes the less, and if she may pledge her property for absolute payment she may certainly do so for payment contingent on the inability of the principal. The statute had no reference to such distinctions. What it meant to prohibit was the creation by a married woman of a general or personal liability as an accommodation indorser, guarantor, or surety, etc., and this prohibition was intended as a limitation or exception to the general contractual power granted in the previous part of the same section, a retention as to this

particular class of contracts of the previously existing disability to make any general contract at all. Her previous ability to make contracts in regard to her property by pledge or otherwise was not affected.

This leaves nothing in the case but the questions of fraud, imposition, want of consideration, etc., as to which the court below explicitly found the facts against the appellant, and it can hardly be said that any serious effort has been made to show that it was wrong. Certainly we have not been convinced of any error.

Decree affirmed at costs of appellant.