# CASES

IN

# THE SUPREME COURT

OF

# PENNSYLVANIA.

---

The Pennsylvania Trust Company, a Corporation under and by virtue of the Laws of the State of Pennsylvania, now for use of M. L. G. Beall and Henrietta C. Adams, Mortgagees, *v.* Martha J. Kline, Appellant, and John G. Kline, her husband, Mortgagors.

*Mortgage by married woman for debt of husband—Husband and wife.*

A mortgage given by a wife for advances to her husband or for his debts is valid and binding upon her separate estate.

*Mortgage—Married woman—Fraud—Certificate of acknowledgment.*

When a married woman joins her husband in a deed or mortgage to convey or incumber her separate estate as to bona fide vendees or mortgagees, for value, without notice of fraud or imposition in the procurement of the execution of such instrument, the certificate of the magistrate who takes the acknowledgment is conclusive of every material fact expressed therein. This certificate is a judicial act and cannot be impeached for fraud.

*Practice, C. P.—Affidavit of defense—Mortgage.*

In a suit on a mortgage executed by husband and wife, an affidavit of defense by the wife is insufficient and evasive which avers that the mortgage was not executed for any money loaned to or received by the affiant, nor for any debt due by her, and that it was executed under duress.

An averment in an affidavit of defense to a scire facias sur mortgage that it was not executed to secure payment of any debt lawfully contracted by the mortgagor is not one of fact but a legal conclusion, and, as such, is faulty.

VOL. CXCII—1 (1)

· Argued April 19, 1899.    Appeal, No. 120, Jan. T., 1899, by Martha J. Kline, defendant, from judgment of C. P. Blair Co., Jan. T., 1899, No. 80, for want of a sufficient affidavit of defense.    Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ.    Affirmed.

Scire facias sur mortgage.

Martha J. Kline, one of defendants, made an affidavit of defense as follows:

The mortgage on which suit is brought was not executed by this defendant for any money loaned to or received by this affiant; nor was said mortgage executed and delivered by this affiant to secure payment of any debt lawfully contracted by the affiant; said mortgage was executed on the part of this affiant under duress and coercion of said John G. Kline, and was not executed by this affiant as her act and deed; nor was it executed by and with her consent.    Affiant further says that she did not voluntarily and of her own free will sign, seal and deliver said mortgage; but on the contrary she did so with and under compulsion and coercion of her husband, the said John G. Kline.    Affiant further says that when she executed said mortgage her husband was present, and that she did not sign, seal and deliver the same as her act and deed; nor was she examined separate and apart from her said husband when the same was executed on her part.    And affiant therefore avers that she is not bound to pay said debt, nor is her property liable for the same, and claims that judgment should not be entered against her on the writ issued in this case.

BELL, P. J., made absolute a rule for judgment for want of a sufficient affidavit of defense, filing the following opinion:

The averment that "the mortgage . . . . was not executed . . . . for any money loaned to or received by the affiant" is evasive.    It fails to specifically deny that money was loaned on the mortgage, and the fair inference is that money may have been loaned to Mr. Kline, the husband, or the consideration of the mortgage may have been so loaned to Mr. Kline, the husband, or the consideration of the mortgage may have been his debt.    It is scarcely necessary to cite authorities to sustain the legal proposition that a mortgage given by a wife for advances

to or debts of her husband, is valid and binding upon her separate estate. Moreover said averments and the succeeding statements that the mortgage was not executed " to secure payment of any debt lawfully contracted by this affiant " are statements not of facts, but of legal conclusions, and, as such, are faulty: Erie City v. Brady, 127 Pa. 169; Commonwealth v. Snyder, 1 Pa. Superior Ct. 291. The averments as to duress and no separate acknowledgment are likewise faulty and insufficient, because it is nowhere stated in the affidavit that plaintiffs had any notice or knowledge of such duress, or failure to examine the wife separate or apart from her husband. Moreover there is no averment that plaintiffs are not bona fide mortgagees; the inference therefore is that plaintiffs are such, and that in good faith they loaned their money on the mortgage. It is not claimed that the acknowledgment is irregular or defective; an examination of same shows that it is regular and contains all the statutory requirements. This being so, such certificate is conclusive against the defendant, Mrs. Kline, except as to such persons as may have had notice of duress or irregularities: Singer Manufacturing Co. v. Rook, 84 Pa. 445. In said case, Mr. Justice GORDON says: " When a married woman joins her husband in a deed or mortgage to convey or incumber her separate estate as to bona fide vendee or mortgagee, for value, without notice of fraud or imposition in the procurement of the execution of such instrument, the certificate of the magistrate who takes the acknowledgment is conclusive of every material fact expressed therein. This certificate of the officer is a judicial act and cannot be impeached for fraud." This doctrine is reaffirmed: Heilman v. Kroh, 155 Pa. 1.

Counsel for Mrs. Kline relies on Michener v. Cavender, 38 Pa. 337, and McCandless v. Engle, 51 Pa. 309. A careful examination of said cases will show, however, in my opinion, that the facts and the legal points really decided do not sustain the contention of said counsel. In Michener v. Cavender, WOODWARD, J., at the opening of his opinion virtually admits the law to be as afterwards laid down in the Singer Manufacturing Co. v. Rook, supra. He says: " Our recording acts having prescribed the form of acknowledgment necessary to be observed by married women, in order to make a valid conveyance or mortgage of their interests in real estate, this court has held the official

certificate of acknowledgment conclusive of every fact appearing on the face of the certificate, . . . . except in cases of fraud and duress. . . . And where fraud and duress have been practiced in obtaining the acknowledgment, knowledge of it is to be brought home to the grantee, or of such circumstances as would lead him to inquiry on the point." Then Justice WOODWARD goes on to point out that, in the case there before him, there was no proof that the married woman had ever signed the mortgage in question, likening it to a forged paper or a counterfeit note. But, in the present case, Mrs. Kline fails to deny her signature, therefore she admits that she did in fact sign her name to the mortgage. In McCandless v. Engle, supra, the other authority relied on by counsel, the mortgagee was present at the acknowledgment of the mortgage. The trial judge left it to the jury to find whether said mortgagee had notice of the duress and failure to examine separate and apart from the husband. The jury, by their verdict, found that there was notice. But, in the present affidavit Mrs. Kline does not even hint at any knowledge of or notice to plaintiffs.

The foregoing, I think, will be found to be a fair statement of the legal points really decided in Michener v. Cavender and McCandless v. Engle. The particular language or sentences, in the opinion of said cases, relied on by counsel for Mrs. Kline to sustain his contention are but obiter dicta, and are not in consonance with the general trend of judicial decision in this state. Rule absolute.

*Error assigned* was in making absolute rule for judgment for want of a sufficient affidavit of defense.

*Edmund Shaw*, for appellant.—The affidavit of defense in this case sets forth substantially a good defense. It is not necessary that an affidavit of defense should be drawn with such nicety that no critical skill can suggest an objection: Knerr v. Bradley, 105 Pa. 190.

A reasonable intendment is to be made in favor of affidavits of defense: Barker v. Fairchild, 168 Pa. 246.

The assignee of a mortgage is affected by facts invalidating the acknowledgment and it is for a jury to pass on the testimony which the parties may submit: Twitchell v. McMurtrie, 77 Pa. 373.

*J. S. Leisenring*, for appellees, was not heard.

PER CURIAM, May 23, 1899:

For reasons given by the learned president of the common pleas, in his opinion sent up with the record, he was clearly right in entering judgment against the defendants for want of a sufficient affidavit of defense. As to the alleged duress, the affidavit is manifestly defective in that it fails to specify any act or acts constituting duress. It is also defective in other respects, as shown by the court below. We find nothing in the case that requires discussion.

The judgment is affirmed on the opinion of the court below.