## Herr *v.* Reinoehl, Appellant.

*Married women—Assignment of personal property—Surety for husband—Acts of April* 11, 1848, *P. L.* 536, *and June* 8, 1893, *P. L.* 344.

A married woman may assign a policy of life insurance on her husband's life for the purpose of securing her husband's debt.

The provision in the Act of June 8, 1893, P. L. 344, which forbids a married woman from becoming " accommodation indorser, maker, guarantor, or surety for another," applies only to the technical contract of indorsement, guaranty or suretyship included in the words of the act.

*Insurance—Life insurance—Assignment of policy.*

Where a policy of life insurance on the life of a husband is payable to the wife " for her sole use, if living, and if not living to the children," and the wife during the life of her husband assigns the policy, her assignee takes a defeasible title, which upon the death of the husband, the wife surviving, becomes absolute. Brown's App., 125 Pa. 303, and Entwistle v. Ins. Co., 202 Pa. 141, distinguished.

Argued May 16, 1904. Appeal, No. 187, Jan. T., 1903, by defendant, from judgment of C. P. Lancaster Co., May T., 1901, No. 94, on verdict for plaintiffs in case of Elizabeth Hager Herr, Executrix of M. L. Herr, deceased, and John H. Baumgardner v. Lucy D. Reinoehl. Before MITCHELL, C. J., DEAN, BROWN, POTTER and THOMPSON, JJ. Affirmed.

Feigned issue to determine the ownership of the proceeds of two policies of life insurance.

On a rule for a new trial LANDIS, J., stated the facts to be as follows :

On May 10, 1901, suit was commenced in the name of Lucy D. Reinoehl, to the use of Dr. M. L. Herr and John H. Baumgardner, transferees, against the Washington Life Insurance Company of New York, to recover the amount of two policies of insurance of $1,000 each, upon the life of Adam C. Reinoehl, the husband of the said Lucy D. Reinoehl. Thereupon the defendant presented its petition, whereby, admitting that it

had issued the said two policies it averred that on May 11, 1901, Lucy D. Reinoehl, the beneficiary named in the said policies, had also brought an action of assumpsit, to June term, 1901, No. 1, to recover the identical moneys, and as the said company had no interest therein, and was liable to be put to the expense of defending two actions, and to be subjected to the risk of being compelled to pay the money twice, it prayed the court to order the said M. L. Herr, and John H. Baumgardner, transferees, and the said Lucy D. Reinoehl to interplead. Thereupon, the court having granted a rule to show cause, subsequently, to wit: on July 6, 1901, ordered the said Lucy D. Reinoehl to be made a party to the present suit; that the said parties should interplead, Dr. M. L. Herr and John H. Baumgardner, transferees, being plaintiffs and Lucy D. Reinoehl, defendant, and that the said Washington Life Insurance Company should be granted leave to pay the money claimed into court, with interest to the date of its payment, and costs. This was accordingly done.

The main facts out of which this controversy arises are as follows: On June 12, 1879, the said life insurance company, in consideration of $15.70, duly paid to it by Lucy Reinoehl, wife of Adam C. Reinoehl, issued a policy numbered 36,618, on the life of Adam C. Reinoehl for the sum of $1,000, and the said company thereby promised and agreed " to pay the amount of the said insurance . . . . to the said assured (Lucy D. Reinoehl), for her sole use, if living, and if not living, to the children of Lucy and Adam C. Reinoehl, or their guardian, if under age, for their use, or if there be no such surviving children, then to the executors, or administrators of the said Adam C. Reinoehl." On June 12, 1881, a similar policy was issued, numbered 40,227, upon the life of said Adam C. Reinoehl for a like amount. The words of the covenant contained therein as to the beneficiaries are exactly the same as those contained in the first recited policy.

On October 20, 1900, Adam C. Reinoehl and Lucy D. Reinoehl, his wife, executed assignments of their interests in said policies to the plaintiffs. The said assignments are attached to each of the said policies, and read as follows: " For one dollar, to me in hand paid, and for other valuable considerations (the receipt of which is hereby acknowledged), I hereby

assign, transfer and set over all my right, title and interest in policy No. 36618 on the life of Adam C. Reinoehl, issued by the Washington Life Insurance Company of New York. The Washington Life Insurance Company assumes no responsibility as to the validity of this assignment to Dr. M. L. Herr and John H. Baumgardner, of Lancaster city, Pa., and for the consideration above expressed, I do also for myself, my executors and administrators, guarantee the validity and sufficiency of the foregoing assignment to the above named assignees, their executors, administrators or assigns, and their title to the said policy will forever warrant and defend. Dated at Lancaster, Pa., this 20th day of October, 1900. (Signed) A. C. Reinoehl; Lucy D. Reinoehl, wife. In presence of Mary Acheson Mac-Farren." To each of the assignments was pasted or pinned a paper, which read as follows: " Collateral security to M. L. Herr and John H. Baumgardner as sureties on note of $1,000, First National Bank, October 3, 1900, 90 days and any renewals, and secondly, for any other indorsements. (Signed) A. C. Reinoehl."

The said Adam C. Reinoehl died the latter part of the year 1900. Prior to his death, to wit: on October 3, 1900, he gave his note to the order of M. L. Herr and John H. Baumgardner, payable at First National Bank of Lancaster, for the sum of $1,000. This note was indorsed by M. L. Herr and John H. Baumgardner, and being subsequently protested for nonpayment, was paid by the plaintiffs on May 10, 1901, by giving their joint note to the bank. On October 24, 1900, the decedent gave his note to the order of M. L. Herr, payable at the Fulton National Bank of Lancaster, for $1,175. M. L. Herr indorsed it, but Major Reinoehl got the benefit of it and Dr. Herr paid it after Reinoehl's death. On May 2, 1900, Major Reinoehl and J. H. Baumgardner had given their joint note for $1,000 to the Peoples' Building, Loan & Deposit Company, payable in six months after date. Reinoehl got the money for the note and Mr. Baumgardner paid it on December 31, 1900, to the building association.

At the trial the court gave binding instructions for plaintiffs.

Verdict and judgment for plaintiffs for $2,200. Defendant appealed.

*Error assigned* among others was in giving binding instructions for plaintiffs.

*T. B. Holahan* and *B. F. Davis*, for appellant.—A married woman cannot become an indorser, guarantor or surety for another: Act of June 8, 1893, P. L. 344; Brayton v. Dunne, 2 Monaghan, 94; Patrick v. Smith, 165 Pa. 526; Wiltbank v. Tobler, 181 Pa. 103; Henry v. Bigley, 5 Pa. Superior Ct. 503; Abeles v. Powell, 6 Pa. Superior Ct. 123; Harper v. O'Neil, 194 Pa. 141; Weigle v. Mercer, 1 Pa. Superior Ct. 490; Dusenberry v. Ins. Co., 188 Pa. 454.

We contend that at the date of the assignments, Lucy D. Reinoehl, the defendant, being a married woman, and the beneficiary in the policies, provided she outlived her husband, and if not the children had a vested interest in the same, and the assignment made by Lucy D. Reinoehl, the defendant, she not being the absolute owner, was null and void, and would have to be ratified after the death of the husband: Entwistle v. Ins. Co., 202 Pa. 141; Brown's Appeal, 125 Pa. 303.

*W. U. Hensel* and *C. F. Hager*, for appellees.—Mrs. Reinoehl could unquestionably transfer her interest in these policies to secure her husband's creditors: Lytle's Appeal, 36 Pa. 131; Selden v. Bank, 69 Pa. 424; Haffey v. Carey, 73 Pa. 431; Corcoran v. Ins. Co., 179 Pa. 132; Kulp v. Brant, 162 Pa. 222; Kuhn v. Ogilvie, 178 Pa. 303; Adams Paper Co. v. Cassard, 206 Pa. 179; Dusenberry v. Ins. Co., 188 Pa. 454.

The children of deceased never acquired any interest in the policies; they make no claim and the widow can make none for them.

OPINION BY MR. CHIEF JUSTICE MITCHELL, June 15, 1904:

It has long been settled that a married woman may mortgage her real estate for her husband's debt or for future advances to him. The basis of the rule is stated in Kuhn v. Ogilvie, 178 Pa. 303. The question of her transfer of her personal property for the same purpose did not arise at common law, as by marriage her goods and chattels became the husband's. But after the Act of April 11, 1848, P. L. 536, by which "every species and description of property" continued to be hers "as

fully after marriage as before," it was held in Lytle's Appeal, 36 Pa. 131, that an assignment by husband and wife of the latter's chose in action was valid, though made to indemnify the indorser of the husband's note. And in Kulp v. Brant, 162 Pa. 222, it was said by our Brother DEAN, "It has so often been decided that a married woman may assign her personal property as security for her husband's debts . . . . that it is useless to again cite the authorities."

The Act of June 8, 1893, P. L. 344, has not changed the law in this respect: Kuhn v. Ogilvie, 178 Pa. 303; Dusenberry v. Ins. Co., 188 Pa. 454; Adams Paper Co. v. Cassard, 206 Pa. 179. That act is an enabling act, and is not to be construed as narrowing a married woman's contractual capacity, except where the intent to do so expressly appears. The provision in which such intent is claimed to be found, is in section second, which after authorizing her to make any contract in furtherance of the general power granted in the preceding section, enacts "but she may not become accommodation indorser, maker, guarantor or surety for another." This has been held to apply only to the technical contract of indorsement, guaranty or suretyship included in the words of the act, Dusenberry v. Ins. Co., 188 Pa. 454, though it will be held to cover a manifest device to evade the prohibition, such as was before the court in Patrick v. Smith, 165 Pa. 526. But what the statute prohibits is the incurring of a personal liability for the forbidden purpose, a liability which carries the risk of a general judgment. This clause was "a cautionary provision against too liberal a construction of the very large powers conferred by the first part of the section, a saving of the previously existing disability so far as it covered the particular class of contracts specified:" Kuhn v. Ogilvie, 178 Pa. 303. The pledge of specific property whether real or personal was within her previously existing powers, and these, as heretofore said, were not narrowed by what was intended as an enabling statute to enlarge them.

A second question is raised by appellant on the clause in the policies that they were payable to the assured (appellant) "for her sole use, if living, and if not living to the children of Lucy and Adam C. Reinoehl, or their guardian if under age," etc. It was claimed that as the children had an interest, the

assignment by appellant and her husband in which the children did not join, was invalid, and for this are cited Brown's Appeal, 125 Pa. 303, and Entwistle v. Ins. Co., 202 Pa. 141. But in both those cases the assignment of the policy was called in question during the continuance of the insured life. The interest of the wife, assignor, was contingent on surviving her husband, and the assignee took only a defeasible title. In Brown's Appeal, the death of the wife during the husband's life had defeated the assignee's title as against the children, and in Entwistle v. Ins. Co., his title being still contingent, during the husband's life, the assignee was not allowed to surrender the policy and take its cash value. In the present case the facts are essentially different. The husband having died the contingent interest of the wife vested and the defeasible title of her assignee became absolute.

A third question relates to the notes for which the policy was to be security. The assignments were absolute on their face, but to each was attached a paper reading as follows: " Collateral security to M. L. Herr, and John H. Baumgardner as sureties on note of $1,000 First National Bank, October 3, 1900, 90 days and any renewals, and secondly for any other indorsements." The learned judge below rightly construed this to mean that the policies were to secure first, the note described, next any renewals of it, and finally any other indorsements for the benefit of Reinoehl, made by Herr or Baumgardner, either jointly or severally.

Judgment affirmed.