## Righter *v.* Livingston, Appellant.

*Mortgage—Husband and wife—Principal and surety.*

Under the law of Pennsylvania a wife has the power to mortgage her separate estate to secure her husband's debt, and this right has not been taken from her by the Act of June 8, 1893, P. L. 344.

Argued Jan. 11, 1906. Appeal No. 194, Jan. T., 1905, by

defendant, from judgment of C. P. No. 5, Philadelphia Co., June T., 1903, No. 1509, on verdict for plaintiff in case of Jennie E. M. Righter, Administratrix of Washington Righter, deceased, v. John H. Livingston and Pauline Livingston. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ.   Affirmed.

Scire facias sur mortgage.

The court gave binding instructions for plaintiff.

Verdict and judgment for plaintiff for $1,890.   Defendant appealed.

*Error assigned* was in giving binding instructions for plaintiff.

*Thomas R. Elcock*, with him *Thomas Diehl*, for appellant.

*Rudolph M. Schick*, with him *E. D. North*, for appellee.

PER CURIAM, February 12, 1906 :

On the face of the mortgage it was for the payment of money.   There was no sufficient evidence of fraud in its procurement to require the submission of that point to the jury.

On the main contention that this mortgage was a mere security for the husband's debt or undertaking the law is conclusively settled against the appellant.   A wife under the law of this state had the power to mortgage her separate estate to secure her husband's debt, and the act of 1893 has not taken it away : Kuhn v. Ogilvie, 178 Pa. 303 ; Herr v. Reinoehl, 209 Pa. 483.

Judgment affirmed.