## Posting of Collateral Security by School District Treasurers.

ARNOLD, Deputy Attorney General, July 30, 1931.—You have asked to be advised whether treasurers of school districts and depositories of school funds may be permitted to post collateral security to insure faithful performance of their duties and protection of the public moneys, instead of furnishing bonds with individual or corporate sureties.

Section 326 of the School Code of May 18, 1911, P. L. 309, 24 PS § 303, requires that:

"Every person elected treasurer of any school district . . . shall before entering upon the duties of his office furnish to the school district a proper bond, in such amount and with such surety or sureties as the board of school directors therein may approve, conditioned for the faithful performance of his duties as school treasurer. . . ."

Section 509 of the code, 24 PS § 461, requires that before receiving any of the school funds, any depository selected by the directors: ". . . shall furnish a proper bond, in such amount and with such surety or sureties as may be required, to be approved by the board of school directors, and conditioned upon the faithful keeping, paying out, and accounting for of all the school

funds and property of said school district that may come into its hands. . . ."

It is clear from the statutory provisions that treasurers and depositories must furnish bonds. The question, therefore, is whether they can qualify by giving their own bonds accompanied by a pledge of collateral security. May the statutory requirement of "surety or sureties" be construed to mean simply "security?" It is our opinion that it may not.

"In a broad sense a 'surety' is one who becomes responsible for the debt, default, or miscarriage of another. But in a narrower sense a 'surety' is a person who binds himself for the payment of a sum of money, or for the performance of something else, for another who is already bound for the same, and in some jurisdictions there are statutory definitions to this effect. A 'surety' has also been defined as a person who, being liable to pay a debt or perform an obligation, is entitled, if it is enforced against him, to be indemnified by some other person, who ought himself to have made payment or performed before the surety was compelled to do so:" 50 C. J. 13, § 2.

See, also, Words and Phrases, "Surety;" Touhill v. Dayton Construction Co., 12 Dist. R. 560; Act of July 24, 1913, P. L. 971.

All authorities concur in attributing to the term "surety" an implication of a personal and general obligation. We have not found any instance in which the word was used as synonymous with "security." One who furnishes collateral security for the debt or obligation of another, without assuming a personal liability for it, is never spoken of as being a surety.

The distinction between a contract of suretyship and the pledging of collateral security is illustrated by Herr v. Reinoehl, 209 Pa. 483, 487. In that case our Supreme Court had before it for construction the Act of June 8, 1893, P. L. 344, which forbade any married woman to become "accommodation indorser, maker, guarantor or surety for another." The court held that a married woman's assignment of a life insurance policy as security for her husband's debt was valid, saying:

"But what the statute prohibits is the incurring of a personal liability for the forbidden purpose, a liability which carries the risk of a general judgment. . . . The pledge of specific property whether real or personal was within her previously existing powers, and these, as heretofore said, were not narrowed by what was intended as an enabling statute to enlarge them."

Herr v. Reinoehl was recently cited on the same point in Commercial Acceptance Corp. v. Ruppel, 295 Pa. 88.

Sections 326 and 509 of the School Code expressly require bonds with surety or sureties. We are of the opinion that the language of these sections does not permit substitution of pledges of collateral security in the place of such surety bonds. The legislature has expressly authorized such substitutions in the case of deposits of state funds: Act of February 17, 1906, P. L. 45, section 7; The Fiscal Code of April 9, 1929, P. L. 343, section 505; and in court proceedings: Act of April 22, 1909, P. L. 115. In each of those cases, deposits of cash or securities are permitted as alternatives to the furnishing of surety bonds.

The fact that legislative authority was deemed necessary to permit the substitution in those cases and that no such permission has been given in the case now before us, confirms our conclusion that no such alternative was contemplated in respect to school treasurers and school depositories.

We, therefore, advise you that school treasurers and depositories cannot qualify without furnishing to the school districts satisfactory surety bonds.

From C. P. Addams, Harrisburg, Pa.