Hastings Bank of Hastings *v.* Covitch, Appellant.

Argued October 5, 1936. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Harold Kaminsky,* with him *Leonard Sobol,* for appellant.

*F. J. Hartmann,* for appellee, was not heard.

OPINION BY MR. CHIEF JUSTICE KEPHART, November 23, 1936:

The only question involved in the present appeal is whether or not an agreement entered into by appellant's wife constituted an obligation of guaranty, suretyship or endorsement within the provision of the Act of 1893 protecting married women from liability in undertaking such obligations as accommodation parties for their husbands.

While the Act prohibits a wife from making these contracts, it does not prevent her from paying the debts of her husband or pledging her property to secure their payment: *Herr v. Reinoehl,* 209 Pa. 483; *Dusenberry v. Mutual Life Ins. Co. of New York,* 188 Pa. 454; *Kulp v. Brant,* 162 Pa. 222. It was well settled before the Act of 1893, and since, that she could mortgage or pledge her separate real estate for the same purpose: *Citizen's Association v. Heiser,* 150 Pa. 514; *Hagenbuch v. Phillips,* 112 Pa. 284; *Oppenheimer v. Wright,* 106 Pa. 569; *Lytle's Appeal,* 36 Pa. 131. The Act of 1893 did not in any way restrict her right in this regard: *Pennsylvania Trust Co. v. Kline,* 192 Pa. 1; *Siebert v. Valley Nat. Bank of Lebanon,* 186 Pa. 233; *Kuhn v. Ogilvie,* 178 Pa. 303.

The reason for distinguishing this right to pledge or mortgage her property from the right to act as a surety,

guarantor or endorser for the payment of a husband's obligations is obvious. If the wife has the power to sell or mortgage her property and apply the money to the satisfaction of his debts, there is no reason why she may not subject it to a mere contingent liability for the same purpose. The liability following suretyship, guaranty, or endorsement, however, is general and personal, and is not limited to specific property. See *Frankford Trust Co. v. Wszolek*, 320 Pa. 437; *Yeany, to use, v. Shannon*, 256 Pa. 135; *New Philadelphia L. Assn. v. Druian*, 101 Pa. Superior Ct. 62. The statute was clearly intended to prevent a married woman from incurring the risk of a general judgment as accommodation for her husband: *Herr v. Reinoehl, supra*. Such a situation does not here exist. The agreement entered into by Mrs. Covitch, while in form a joint promissory note, was clearly intended to operate as an extension of her existing mortgage to include present and future debts of her husband, and to continue the lien of the mortgage for their payment. The agreement in suit is not a formal mortgage, but it nevertheless constituted a pledge of her real estate to secure the debts of her husband. The bank held the original mortgage as collateral security for the payment of the debts, its lien continued, and her equity of redemption was pledged thereunder. She could have properly executed a new mortgage to accomplish the same purpose but it was not necessary. Nor was it necessary for appellee to proceed against the husband on the note upon which this agreement was endorsed before enforcing collection on the mortgage and bond pledged by the wife as collateral. See *Lishy v. O'Brien*, 4 Watts 141.

The cases relied on by appellant are not in point as they illustrate attempts to fix personal liability on the wife by a contract prohibited by the Act. See *Bartholomew v. Allentown National Bank*, 260 Pa. 509; *Dusenberry v. Mutual Life Ins. Co. of New York, supra*.

Decree affirmed at appellant's cost.