Hanover Trust Company, Appellant, *v.* Keagy

Argued May 24, 1939. Before KEPHART, C. J., SCHAF-FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Frederick B. Gerber*, with him *Guy W. Bange*, for appellant.

*Walter B. Hays*, for appellee.

OPINION BY MR. JUSTICE STERN, June 19, 1939:

In May, 1927, Dr. Charles A. Keagy, husband of defendant, borrowed from plaintiff $21,000 and delivered to it a bond and mortgage executed by himself and defendant, the mortgage covering a property owned by them as tenants by the entireties. By December, 1928, the debt had been reduced to $6,000, and, in pursuance of a proposal made by Dr. Keagy, plaintiff satisfied the mortgage upon receiving from him and defendant their judgment note in that sum. The note was renewed from time to time, with slight reductions, until Decem-

ber 1, 1934, when the last renewal note was given in the sum of $5,850. Upon this note judgment was entered in November, 1935. In March, 1936, defendant filed a petition to open the judgment on the ground that she was an accommodation maker or surety for her husband. An answer was filed, depositions were taken, and the rule was made absolute. A feigned issue was framed between plaintiff and defendant and tried before a jury. Plaintiff's point for binding instructions was refused, and a verdict was rendered for defendant. Subsequently the court overruled plaintiff's motion for judgment n. o. v.

Defendant admits that the mortgage executed by herself and her husband in 1927 created a valid lien upon the property owned by them as tenants by the entireties, even though the money borrowed was for his exclusive use and benefit. A married woman may mortgage her real estate or assign her personal property as security for her husband's debts: *Bartholomew v. Allentown National Bank*, 260 Pa. 509, 511; *Hastings Bank of Hastings v. Covitch*, 324 Pa. 171. The fact that the mortgage in its origin secured a debt of the husband is wholly immaterial. After it was once established as a lien it became of equal concern to defendant. During the year 1928 she paid sums aggregating $1,600 out of her own bank funds to reduce the mortgage. She herself testified: "Q. Isn't it a fact that you were anxious to get the mortgage off your property? A. Sure I was. . . . . Q. Well, you knew the mortgage was cleared off your property? A. Well, yes, I guess I knew it. Q. And you were perfectly satisfied to have it off? A. Sure, I would be glad to have it off." When she joined her husband in signing the note, she was serving her own purpose and protecting her interest in the property. She derived a direct benefit, and there was a consideration moving to herself. This is the determining factor which distinguishes the case from one where a married woman acts merely as an accommodation maker or surety for

another: *Olney Bank & Trust Co. v. Gettlin*, 318 Pa. 76; *Pennsylvania Trust Company v. Koller*, 319 Pa. 249; *Archbald v. Hood*, 322 Pa. 434; *Karns v. Moore*, 5 Pa. Superior Ct. 381; *Morris v. Duers*, 90 Pa. Superior Ct. 285; *Kaufman v. Lehman*, 94 Pa. Superior Ct. 306.

The judgment is reversed, and the record is remanded with directions to enter judgment for plaintiff for the amount due.