# First National Bank of Everett *v.* Hershberger (et ux., Appellant).

Argued January 13, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*J. Hay Brown, Jr.,* with him *J. Colvin Wright* and *Zimmerman, Myers & Kready,* for appellant.

*Richard C. Snyder* and *B. F. Madore,* for appellee, were not heard.

OPINION BY MR. CHIEF JUSTICE SCHAFFER, March 23, 1942:

John S. Hershberger and S. Emma Hershberger, his wife, gave their mortgage to The First National Bank of Everett for $12,000. They owned the property covered by the mortgage as tenants by the entireties. Default was made in payment of interest and the Bank began foreclosure proceedings. In answer to the scire facias, S. Emma Hershberger set up that the mortgage is void as to her, because the debt for which it was given was not hers but her husband's and son's, that she executed the bond and mortgage as surety for them. Since the action was begun, her husband has died and she now

owns the property in severalty. If her contention should be sustained, nothing can be realized on the mortgage.

Stated in their own language, the position of her attorneys is, "S. Emma Hershberger was legally qualified to execute and deliver a mortgage on any real estate owned by her, individually, or as tenant by the entireties, and, had she simply done so, could not have been heard to complain. It was the execution and delivery of a bond accompanying said mortgage in which she incurred the risk of a personal liability which carried with it the risk of a general judgment that changed the entire complexion of the transaction inasmuch as she was incompetent to execute and deliver the bond, [which may be open to question, *Peoples-Pittsburgh Trust Co. v. McCaffrey*, 336 Pa. 547, 9 A. 2d 890] that infirmity carried itself into her mortgage which was made at the same time." It will thus be seen it is admitted that her mortgage standing alone would be valid. Proceedings are not being brought on the bond, and so far as the present action is concerned, the bond drops out. If recovery should be sought upon it, we shall dispose of the questions then arising; now we are dealing only with the mortgage and her liability upon it; that her property bound by it must respond is clear beyond all question. A married woman may mortgage her real estate as security for the debt of another, including that of her husband: *Hanover Trust Co. v. Keagy*, 335 Pa. 356, 6 A. 2d 786; *Hastings Bank v. Covitch*, 324 Pa. 171, 188 A. 129; *Righter v. Livingston*, 214 Pa. 28, 63 A. 195. *Peoples-Pittsburgh Trust Co. v. McCaffrey*, supra, was a proceeding to open a judgment on a bond accompanying a mortgage, given by a married woman and her husband, the mortgage covering a property owned by them as tenants by the entireties. We held that she was liable on the bond. It was agreed by all that there was no question as to the validity of the mortgage, see dissenting opinion p. 554.

Judgment affirmed.