Cooper *v.* Lucas et ux., Appellants.

Argued April 30, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*John G. Koedel,* for appellant.

*Samuel M. Jackson,* for appellee.

OPINION BY RHODES, J., July 16, 1943:

Plaintiff entered judgment on a bond with warrant
of attorney which accompanied a mortgage. Both were

executed by Frank A. Lucas and Jane C. Lucas, his wife, and subsequently assigned, when they gave a certificate of no defense. Later plaintiff became the assignee of the bond and mortgage. A writ of fieri facias was issued thereon against the premises described in the mortgage. The premises were held by the entireties.

Jane C. Lucas petitioned the court below to grant a rule upon plaintiff to show cause why the judgment entered should not be opened and a defense interposed. Her contention was that as a married woman she was not liable on the bond because she signed it as surety or accommodation maker for a debt of her husband due to the mortgagee and from which she received no benefit. See Act of June 8, 1893, P. L. 344, §2, 48 PS §32; *Commercial Acceptance Corp. v. Ruppel et ux.*, 295 Pa. 88, 146 A. 98; *Pennsylvania Trust Co. v. Koller et ux.*, 319 Pa. 249, 178 A. 814; *Archbald v. Hood et ux.*, 322 Pa. 434, 186 A. 791; *Peoples-Pittsburgh Trust Co. v. McCaffrey et ux.*, 336 Pa. 547, 9 A. 2d 890. An answer and stipulation were filed. The latter provided that: "It is stipulated and agreed by A. M. Cooper, plaintiff above named, that any recovery on the bond upon which judgment was entered, at the above number and term, against Jane Lucas, one of the defendants named, shall be limited to the property upon which execution was issued, at Fi. Fa. No. 728 January Term, 1941, and which is covered by the mortgage accompanying said bond."

Depositions were taken. Her contention was sustained by the court below and the rule was made absolute. Upon petition for reconsideration the court revoked its order, reinstated the judgment, but limited execution thereon as to Jane C. Lucas to the property described in the mortgage. An alias fieri facias was thereafter issued but proceedings were stayed pending appeal. Jane C. Lucas has appealed.

A married woman may mortgage her real estate as

security for a debt of her husband. *First National Bank of Everett v. Hershberger et ux.*, 344 Pa. 217, 218, 25 A. 2d 170; *Hanover Trust Co. v. Keagy*, 335 Pa. 356, 358, 6 A. 2d 786; *Hastings Bank of Hastings v. Covitch*, 324 Pa. 171, 172, 188 A. 129; *Kuhn v. Ogilvie*, 178 Pa. 303, 306, 35 A. 957. The validity of the mortgage in the present case is not questioned.

Ordinarily, plaintiff could legally proceed to collect his mortgage either by scire facias on the mortgage or by entering judgment on the bond accompanying the mortgage and issuing a writ of fieri facias. *Long v. Bowman*, 118 Pa. Superior Ct. 367, 370, 179 A. 857; *Schuylkill Trust Co. et al. v. Sobolewski et ux.*, 325 Pa. 422, 427, 190 A. 919.

The Act of May 6, 1929, P. L. 1557, 21 PS §804, provides: "No inquisition shall be necessary in connection with the sale of real estate by the sheriff, upon a writ of fieri facias, issued upon a judgment entered upon a bond accompanying a mortgage, secured upon the real estate to be sold; and the sheriff may, after giving notice in the manner now provided by law in cases of sales under writs of venditioni exponas, proceed to sell such real estate upon the said writ of fieri facias without any other writ whatever."

In *West Arch Building & Loan Ass'n v. Nichols*, 303 Pa. 434, at page 439, 154 A. 703, at page 704, it was said: "A judgment entered on a bond accompanying a mortgage, as provided in the Act of 1929, relates back to the mortgage. This is so because it represents the identical debt that is secured by the mortgage. See Keene Home v. Startzell, 235 Pa. 110 [83 A. 584]. The relief that the act gives to the execution mentioned therein merely substitutes for the collection of the mortgage debt one form of execution for another with the same effect. The fieri facias takes the place of the levari facias in selling the land ......" For a comparison of the two remedies, see *Beaver County Building & Loan Ass'n v. Winowich et ux.*, 323 Pa. 483, 489, 490,

187 A. 481; 13 Standard Pennsylvania Practice, pp. 583, 584. See, also, *Fidelity-Philadelphia Trust Co. v. Allen et al.*, 343 Pa. 428, 22 A. 2d 896.

The proceeding followed by plaintiff in this case was a proper method to sell the mortgaged premises. A reason for this view is that proceedings for enforcement of a mortgage debt are statutory, although it has long been recognized that the lien of a judgment on a bond accompanied by a mortgage, so far as the mortgaged premises are concerned, relates back to the date of the lien of the mortgage by which it is secured (*Morris v. Campbell et al.*, 186 Pa. 589, 593, 40 A. 1014). The land to be sold was that covered by the mortgage, and by the stipulation and order of court appellant has no liability beyond the mortgaged property. As to the sale of this under the mortgage she has no standing to complain. The only purpose sought to be accomplished as to her is the same as if plaintiff had proceeded by scire facias and levari facias to sell. In the latter event she could not have defended on the ground raised in her petition.

Appellant is not prejudiced by the sale of the mortgaged premises on a fieri facias any more than she would have been on a scire facias and levari facias. They have the same effect. The proceeding on the fieri facias is none other than a remedy for the collection of the mortgage debt, and the judgment is not and cannot be made a lien upon any real or personal property owned by appellant excepting that covered by the mortgage.

The court below has refused to open the judgment as to appellant because the lien thereof and the liability of appellant thereon are limited and restricted to the mortgaged premises and to which bond and mortgage she executed a certificate of no defense.[1]

---

[1] "When a mortgagor, at the same time that he executes a mortgage, delivers to the mortgagee a writing, certifying that he

In passing upon the facts as disclosed by the record in this case we are of the opinion that the court below acted within its power, and its order refusing to open the judgment will be affirmed.

As said in *Hastings Bank of Hastings v. Covitch*, supra, 324 Pa. 171, at page 172, 188 A. 129: "The reason for distinguishing this right to pledge or mortgage her property from the right to act as a surety, guarantor or endorser for the payment of a husband's obligations is obvious. If the wife has the power to sell or mortgage her property and apply the money to the satisfaction of his debts, there is no reason why she may not subject it to a mere contingent liability for the same purpose. The liability following suretyship, guaranty, or endorsement, however, is general and personal, and is not limited to specific property. See Frankford Trust Co. v. Wszolek, 320 Pa. 437 [183 A. 52]; Yeany, to use, v. Shannon, 256 Pa. 135 [100 A. 527]; New Philadelphia L. Assn. v. Druian, 101 Pa. Superior Ct. 62. The statute was clearly intended to prevent a married woman from incurring the risk of a general judgment as accommodation for her husband: Herr v. Reinoehl, supra [209 Pa. 483, 58 A. 862]. Such a situation does not here exist."

The scire facias sur mortgage is a proceeding in rem, and the Act of July 9, 1901, P. L. 614, as amended by the Act of April 23, 1903, P. L. 261, 12 PS §309, did not widen the scope of the statutory proceedings. *Excelsior Saving Fund v. Cochran*, 220 Pa. 634, 70 A. 432. It is true that the Act of May 6, 1929, P. L. 1557, did not change a judgment in personam to a judgment in rem, or vice versa; but it did give another writ to enforce the collection of a mortgage debt. *West Arch Building & Loan Ass'n v. Nichols*, supra. Although in

has no defense or defalcation, it is in effect an agreement that the mortgagee shall negotiate the mortgage. It is an acknowledgment that he has received full consideration": *Hutchison v. Gill*, 91 Pa. 253, 256.

the present case the form is an action in personam, the limitation in substance and for all practical purposes reduces it to a proceeding in rem as to appellant. The execution is for the same debt secured by the mortgage and necessarily works the same effect as though the proceeding were under the mortgage itself. This would seem sufficient to warrant the order of the court below.

Order is affirmed.