## Brubaker et al., Exrs., v. Brubaker et al.

*Carl R. Gingrich,* for plaintiffs.

*Charles T. Hickernell,* for defendants.

EHRGOOD, P. J., August 6, 1945.—This matter is before the court on a petition containing a motion to open the judgment so that defendants can be let into a defense. A rule to show cause was granted by the court, and thereafter a hearing was held at which testimony was taken. From the testimony adduced at said

hearing, and the record evidence, it appears that on May 28, 1941, Margaret E. Brubaker, one of the defendants, and the wife of Emmert Brubaker, E. B. Brubaker, the other defendant, entered into a paper writing designated as "Contract and Bill of Sale" with the Krall Finance Company, of Lebanon, Pa., under seal. Inter alia, the said Margaret E. Brubaker applied to Krall Finance Company for a loan of $250 at the rate of interest fixed therein, principal and interest to be payable in 14 successive monthly instalments of $21.90, the final instalment to be paid on July 14, 1942. Said contract further provided:

"As security for the repayment of said loan, I hereby agree to execute and deliver to lender [Krall Finance] a judgment note of even date for the amount thereof, with said interest therein, and for better securing the payment thereof, hereby sell, sign, assign, transfer and deliver to lender all and singular the following household goods, chattels and all other personal property now belonging to me absolutely. . . Together with all other articles of household furniture both useful and ornamental, including bedding, pictures and frames, rugs, drapes, silverware, chinaware, glassware, crockery and kitchen utensils and musical instruments."

Attached to said contract, and executed by both of the above defendants, was an "affidavit of ownership of the chattels inducing a loan", providing as follows:

"Margaret Brubaker and Emmert Brubaker, of full age, being duly sworn, depose and say that she is the true and lawful owner of the property mentioned in the foregoing bill of sale; that said property is now located as in said bill of sale stated; that there is not now any execution or unsatisfied judgment against either affiant, or writ of attachment or of replevin against said property served, or about to be served; that all the statements contained in said bill of sale are true; that said affidavit is made for the purpose of

inducing said lender to make the loan described in said instrument."

On even date, namely, May 28, 1941, A. R. Brubaker, deceased, and the father of E. B. Brubaker, Margaret E. Brubaker, and E. B. Brubaker, executed and delivered a judgment exemption note, under seal, providing, inter alia, as follows:

"For value received, on or before July 14, 1942, the undersigned, jointly and severally, promise to pay to Krall Finance, at its office, 736 Cumberland Street, Lebanon, Pa., the sum of two hundred fifty 00/100 dollars the actual amount of money lent and paid to the undersigned; in 14 successive monthly instalments of $21.90/100 each, including interest at the rate of 3% per month on any part of the unpaid principal balance of said loan not in excess of one hundred fifty dollars and 2% per month on any remainder of the unpaid principal balance, the first of which instalments shall be payable on the 14 day of June, 1941, together with a final instalment, covering any unpaid balance, including interest, which instalment is due and owing on the date hereinabove mentioned." Said note also contained a confession of judgment.

Subsequent to the execution of said note, A. R. Brubaker died. At the time of his death there remained due on said judgment note the sum of $124.31, with interest from August 21, 1942. On July 5, 1945, the executors under the last will and testament of said A. R. Brubaker, deceased, made payment of the balance due on said judgment note whereupon, on said date, Krall Finance assigned all its right, title, and interest in said note to Alice W. Brubaker and Christian R. Gingrich, executors of the estate of A. R. Brubaker, deceased; and at the same time said Krall Finance Company on said date, assigned all its right, title, and interest to the contract and bill of sale to the said Alice W. Brubaker and Christian R. Gingrich, executors of the estate of A. R. Brubaker, deceased. On July 6,

1945, judgment was entered on said note in the Prothonotary's Office of Lebanon County, Pa., against Margaret E. Brubaker and E. B. Brubaker, A. R. Brubaker, one of the defendants being deceased. On said date, July 6, 1945, a writ of fieri facias for debt, interest, and costs, balance of $124.31, with interest from August 21, 1942, was caused to be issued directing the Sheriff of Lebanon County to levy upon defendants' property. On July 7, 1945, the sheriff levied upon the household goods and effects of said defendants at their home, 1115 Chestnut Street, Lebanon, Pa., being their present residence. On July 18, 1945, defendants filed the petition praying for a rule to open judgment, alleging, inter alia, that the balance due on said judgment note is the sum of $124.31, and Margaret E. Brubaker, one of the defendants, did not receive any part of said sum of $250, "put her name" to said note as an accommodation endorser; that the said E. B. Brubaker has further defense to said claim; that the will of A. R. Brubaker dated February 27, 1941, and since his death duly probated in Lebanon County, provided, inter alia, that "in case of obligations, owing to me by any of my children the accounts so owing shall be charged against the amount of such child's share, provided, however, that if any child owe my estate more than the share he or she would receive my executors shall make no effort to collect beyond such share. The balance owing my estate by any such child shall be cancelled as if the same had been fully paid".

It also appeared from the testimony that defendant, E. B. Brubaker, received the proceeds of said note on May 28, 1941, to be used in his business as a representative of the Electrolux Company, and that the said Margaret E. Brubaker, his wife, did not receive any of the proceeds thereof

Under the evidence produced it clearly appears that both A. R. Brubaker, deceased, and Margaret E. Bru-

baker, were accommodation makers for the benefit of defendant, E. B. Brubaker.

Petitioners contend that the paper writings designated as contract and bill of sale, and the judgment note executed by petitioner, Margaret E. Brubaker, constituted an obligation of guarantee, suretyship, or endorsement within the provisions of the Act of June 8, 1893, P. L. 344, protecting married women from liability in undertaking such obligations as accommodation parties for their husbands.

While the act prevents a wife from making these contracts, it does not prevent her from paying the debts of her husband or pledging her property to secure their payment. If the wife has the power to sell, mortgage, or pledge her property and apply the money to the satisfaction of her husband's debt, there is no reason why she may not subject it to a mere contingent liability for the same purpose. While the statute was clearly intended to prevent a married woman from incurring the risk of a general judgment as accommodation for her husband, the agreement entered into by Mrs. Brubaker, by executing and delivering the bill of sale and contract, and the joint judgment note, was clearly intended to operate as a pledge of her personal property. The execution of the judgment note was one of her acts in furtherance of her intention to pledge her property to secure her husband's debt. The fact that the lender knew that she was an accommodation maker is no defense under the circumstances here present. The paper writings constituted a pledge of her personal property to secure the debt of her husband, and was not a contract of suretyship, guarantee, or endorsement contemplated under the act.

See Hastings Bank of Hastings v. Covitch, 324 Pa. 171, and cases therein cited.

No evidence was produced on behalf of defendant, E. B. Brubaker, to prove that the accounts owing by him to the estate of his deceased father, which were

heretofore collected and paid, were in excess of the share which he was entitled to receive under the provisions of his father's will.

In accordance with the foregoing, we will make the following order:

And now, to wit, August 6, 1945, the rule to show cause why judgment should not be opened is overruled, provided, however, that execution upon said judgment be limited so far as defendant, Margaret E. Brubaker, is concerned, to the personal property pledged by her to secure payment of the balance due from the judgment note upon which judgment she was endorser.